DAVID P. DAVIS vs. CHARLES Z. SUTTON and another.

February 2, 1877.

**Parties to Actions.**—This action is brought upon certain claims, originally accruing to H. Davis, and by him assigned to plaintiff. *Held,* that the fact that defendants have a claim against H. Davis, which they set up in their answer in this action by way of counterclaim, and which accrued to them before the assignment to plaintiff, and which exceeds by several hundred dollars the amount claimed by plaintiff, furnishes no reason why H. Davis should be made a party to this action.

Appeal by defendants from an order of the district court for Blue Earth county, *Dickinson,* J., presiding, denying their motion that one H. Davis be made a party to the action.

*Waite & Freeman,* for appellants.

*M. J. Severance,* for respondent.

BERRY, J. This action is brought to recover upon defendants' promissory note, made payable to H. Davis, and alleged to have been sold and transferred to plaintiff after maturity, and also to recover a demand of $28.07 for services rendered by Davis to defendants, which is also alleged to have been transferred to plaintiff. Defendants' answer admits the existence of the causes of action set up in the complaint. The answer also sets up a claim against Davis, accrued to defendants before the alleged transfers to plaintiff, and exceeding by several hundred dollars the amount claimed by plaintiff. Defendants moved, below, that Davis be made a party to this action, upon the ground that, in this action, as it now stands, they can set off so much only of their claim as equals the amount of plaintiff's claims, and that, as their cause of action cannot be split so as permit them to recover the residue of Davis, such residue will be lost to them, unless they can be permitted to recover it of Davis in this action.

The splitting of an entire cause of action is forbidden, because it produces an unnecessary multiplicity of suits.

*Farrington* v. *Payne*, 15 John. 432; *Guernsey* v. *Carver*, 8 Wend. 492; *Badger* v. *Titcomb*, 15 Pick. 409; *Bennett* v. *Hood*, 1 Allen, 47. Where this result does not follow, the rule against splitting does not apply. See *Risley* v. *Squire*, 53 Barb. 280; *Bennett* v. *Hood*, 1 Allen, 47. In the case at bar, if the defendants, after recovering, by way of set-off, so much of their claim against H. Davis as equals the amount of plaintiff's claim, recover the residue in a subsequent action against H. Davis, there is no *unnecessary* multiplicity of actions, since both recoveries are requisite to the complete assertion of defendants' rights. It is, moreover, to be observed that the rule hardly applies to this case, for the reason that it is the vexing of the *same person* by an unnecessary multiplicity of actions, against which the rule is directed. See authorities *supra*. The ground upon which defendants base their motion is, therefore, untenable.

To any suggestion that, if Davis could be made a party to this action, it would avoid the necessity of another suit to recover the residue of defendants' claim, there are two answers: *First*, such is not the practice; *second*, looking at the common sense of the matter, there is no reason why the plaintiff should not be permitted to carry on his action, without the intermeddling of any person, as a party, with whom he has no concern.

Order affirmed.