COLLIN CAMPBELL *vs.* RICHARD H. JONES and others.

July 2, 1878.

**Demurrer to Answer.**—The statute allows only one ground of demurrer to an answer—to wit, that it does not contain a defence or counterclaim; but under this ground, the objection to a counterclaim, that it cannot be determined without the presence of other parties, may be raised.

**Answer asking relief against New Parties.**—An answer good as to the plaintiff is not vitiated by asking relief which cannot be granted for want of proper parties to the action.

**Fraudulent Conveyance—Levy on Land Conveyed.**—A judgment creditor may levy on and sell real estate of the debtor, notwithstanding the debtor has conveyed it with intent to hinder, delay, or defraud creditors.

**Same—Action by Grantee against Purchaser.**—When the creditor has sold the land, and the alleged fraudulent grantee brings an action against the purchaser to determine his title, the validity of the conveyance may be tried without bringing in the grantor.

Appeal by defendants from an order of the district court for Mille Lacs county, *McKelvy*, J., presiding, sustaining a demurrer to a counterclaim pleaded in the answer.

*N. T. Hauser*, for appellants.

*C. D. Kerr*, for respondent.

GILFILLAN, C. J. Action under the statute to determine adverse claims to real estate. The complaint alleges that plaintiff is the owner, that the land is vacant and unoccupied, and that defendants claim some estate or interest therein adverse to the plaintiff, and asks judgment declaring such claim unlawful and void. After various denials, the answer sets up a judgment recovered and docketed in favor of defendants, by their firm name, against Murdock and Margaret Campbell, and another, upon an indebtedness accrued prior to the conveyance to plaintiff; the issuance of an execution upon it; the levy of the execution upon the land in question as the property of Murdock and Margaret; the sale under the execution; the purchase of the land by these defendants; the issuance to them, in their firm name, of a certificate of sale; that on a day prior to the entry of said judgment, Murdock and Margaret were owners of the land; that on said day, Murdock and Margaret, with intent to hinder, delay and defrau. these defendants of their said debt, "and without any actual, valuable or adequate consideration, made a deed purporting to convey said real estate to their son, the plaintiff in this action, who was then a minor in the service of his said father, and residing with his said parents as a member of their family; that said deed was not delivered to the plaintiff in this action, but put upon record, if at all, by his said father or by his direction; that his grantors did not deliver or give possession of said land to their said grantee; that said grantors have, ever since the date of their said deed, continued in possession of and to use and occupy said land, notwithstanding their said deed, and had not, before the commencement of this action, delivered said deed, nor possession of said land, to their said grantee and son;" that the certificate of sale

to these defendants was made in their firm, instead of their individual names, without their knowledge or consent, and they did not know of it until the commencement of this action. The answer demands judgment that no person other than the parties to this action have any interest in said real estate; that the conveyance to plaintiff be declared void as to defendants, and set aside, with the record thereof, and that plaintiff has no interest in the land; that it be adjudged to be their property, in their individual names, free from all claim of plaintiff; and for the correction of the certificate of sale and record thereof, and that defendants have possession of the land. To this part of the answer a demurrer was interposed, on the ground that two causes of action are improperly united in it; that there is a defect of parties to the counterclaim alleged, because Murdock and Margaret Campbell are necessary parties to the adjudication thereof, and for the relief demanded by the answer; and that the facts stated do not constitute a counterclaim against the plaintiff. The demurrer was sustained.

The statute (Gen. St. *c.* 66, § 83,) allows only one cause of demurrer to an answer—to wit, that it does not contain a counterclaim or defence. The ground that, in a counterclaim, two causes of action are improperly united, is untenable as ground for demurrer. If each is a proper counterclaim to the plaintiff's cause of action, they may both be joined in the same answer. To join them in the same statement, instead of stating them separately, would be improper; but the remedy for that would be by motion, and not by demurrer.

A counterclaim must be a cause of action in the defendant against the plaintiff, which may be adjudicated and determined between them. Gen. St. *c.* 66, § 80. If the cause of action be such that an action upon it could not be maintained by the defendant alone against the plaintiff alone, then it is not the subject of a counterclaim; and the question whether it is such a cause of action, may be raised by

the cause for demurrer given by the statute. Matter pleaded in an answer may be of such a nature that it may be a defence to the action, and also a counterclaim; *Eastman* v. *Linn*, 20 Minn. 433; *Griffin* v. *Jorgenson*, 22 Minn. 92; and it may also be of such a nature as to constitute a defence, and not be available as a counterclaim against the plaintiff in the action, because no affirmative relief can be granted upon it until other parties are joined with the plaintiff or defendant.

In this case, the facts are set up, and the defendants ask such relief as they deem themselves entitled to, and they certainly ask for more than can be given in this action. They ask for the possession of the land; but that cannot be given them, for the plaintiff is not in possession, but other parties are. They ask, also, for a reformation of the certificate of sale executed in enforcing their judgment against Murdock and Margaret Campbell, but the parties to that judgment are not in this case, and therefore they cannot have that relief. But the demand for too great relief, either in a complaint or answer, does not vitiate the pleading. Setting aside, then, the prayer of the answer, so far as it asks relief which defendants can have only against others than plaintiff, it remains to be considered whether the matter in the answer demurred to does not constitute a good defence or counterclaim against plaintiff's cause of action.

In actions under this statute, the defendant may not only attack the cause of action alleged, but may allege any estate or interest, legal or equitable, he has in the land, which is good against the plaintiff's cause of action. This answer attacks the plaintiff's title, by alleging that the conveyance to him was never delivered. If this be true, the plaintiff (who is not in possession, but must rely on his title) cannot maintain the action. It also puts defendants in the position of parties as against whom a conveyance made with intent to hinder, delay or defraud creditors is void, and alleges that the conveyance to plaintiff, and upon which he must rely to

maintain this action, was made with such intent, and that it was made without any actual, valuable or adequate consideration. Some criticism is made upon the language in which this want of consideration is stated, but we think it clearly appears from it that there was in fact no consideration, either valuable, or adequate as distinguished from valuable. There is here stated the unlawful intent, the making of, or attempt to make, pursuant to it, the deed, and such want of consideration as charges the grantee, and the fact that these defendants, upon a debt existing at the time of the attempted fraud, have recovered and docketed judgment against the grantors, and have proceeded to enforce that judgment. That a judgment creditor may, notwithstanding a conveyance of his real estate by the judgment debtor, made with intent to hinder, delay or defraud creditors, levy upon and sell the real estate, there is no question. As to the creditor to defraud whom the conveyance is made, it is void, (Gen. St. *c.* 41, § 18,) and is of no effect whatever in the way of passing the title. The title, for the purpose of enabling creditors to enforce their debts against the real estate, still remains in the grantor, as though the conveyance had not been made ; and it is equally clear that the creditor who has proceeded to enforce his debt against the real estate, or any one claiming through such proceedings, may show the conveyance to be void, as against such proceedings, whenever any one shall claim under such conveyance, and in opposition to the creditor's proceedings, or the title derived through them. When the claim is made by the grantee in the fraudulent deed, against the creditor, or the purchaser under his proceedings, the validity of the deed may be tried between those two, and no other parties are necessary to the litigation. According to the allegations in this answer, the estate or interest, whether it be legal or equitable, which the defendants acquired in enforcing their debt, is good as against the title of plaintiff; and if those allegations be true, they are entitled to a judgment to that effect.

Order reversed.