ANN M. WILCOX *vs.* C. W. COMSTOCK.

June 2, 1887.

Negotiable Instrument—Indorsement—Defences—Partnership.—Defendant made his promissory note to J., by whom it was indorsed before maturity to Wilcox, who indorsed it to plaintiff, by whom this action is brought upon it. Upon the theory that the note fell due while in Wilcox's hands, and before its indorsement to plaintiff, defendant undertakes to defeat the action by setting up a claim against Wilcox on account of unsettled partnership business between them, as the result of which he claims Wilcox will, upon accounting and settlement, owe him a balance. *Held,* that the defendant cannot, at any rate, be allowed to thus set up said matter without any accounting between him and Wilcox, and that he cannot have such accounting unless Wilcox is made a party to the proceeding in which it is sought.

Appeal by defendant from an order of the district court for Stevens county, *Brown,* J., presiding, refusing a new trial.

*Fielder B. Chew,* for appellant.

*J. W. Reynolds,* for respondent.

BERRY, J. Defendant made his promissory note to Johnson, by whom it was before maturity indorsed to Wilcox, who in his turn indorsed it to plaintiff, by whom the action is brought upon it. Upon the theory that the note fell due while in Wilcox's hands, and before its indorsement to plaintiff, defendant undertakes to defeat this action by setting up a claim against Wilcox, as follows: He alleges a former partnership between himself and Wilcox, which was dissolved long before the commencement of this action, but whose affairs have never been wound up,—there having been no settlement or accounting in respect thereto between the partners; but that, as a result of the unsettled partnership business, and the doings of the partners therein and thereabout. Wilcox was, at the time when the note was held by him after its maturity, and now is, indebted to defendant in a sum far exceeding the amount of the note. The answer also alleges Wilcox's insolvency.

Whether, under our statute, (Gen. St. 1878, *c.* 66, § 27,) the defendant would under any circumstances be allowed to avail himself

of the matter thus set up to defeat a recovery by plaintiff, it is not necessary to here determine. The question is not without embarrassment. The authorities are at variance upon it, and it is one of too much importance to be decided prematurely or without full argument. That the defendant cannot thus avail himself of the facts which he sets up as an answer to the action, *without an accounting* between him and Wilcox, is clear; and that he cannot have the accounting unless Wilcox is made a party to the proceeding in which it is sought, is equally so, on general principles. See *Waddell* v. *Darling*, 51 N. Y. 327; Pom. Rem. § 799, note 4. But in this case no such accounting is asked for, or, so far as appears, sought or desired, and no attempt appears to be made to bring Wilcox in as a party to this action, or to any proceeding taken, or proposed to be taken, therein.

Order affirmed.