ABIGAIL E. LITTLE *vs.* OMAR H. SIMONDS.

June 29, 1891.

Partnership—Action against Survivor, on Firm Note, by Widow of Deceased Partner—Set-Off.—In an action by the wife of a deceased partner against the surviving partner, upon a note made by the firm, the defendant will not be permitted to offset indebtedness alleged to be due him from the estate of the deceased partner, on the ground that the money loaned to the firm, for which the note was given, was advanced to her by the deceased partner when his estate was in fact insolvent. There must first be an accounting of the partnership affairs, and the liability of the deceased partner definitely established, before assets in her hands can be reached, or she be charged as trustee of the estate of the deceased partner, or held liable to account in an action between her and the surviving partner.

Appeal by defendant from an order of the district court for St. Louis county, *Stearns,* J., presiding, sustaining plaintiff's demurrer to the second and third defences in the answer.

*White, Reynolds & Schmidt,* for appellant.

*Wm. B. Phelps,* for respondent.

VANDERBURGH, J. This action is brought upon a promissory note made to plaintiff by Little, Simonds & Co., for $5,550. The question to be determined is the sufficiency of the second and third defences set up in the answer.

The second defence fails to state facts sufficient to constitute a payment of the note. It appears that the defendant, Simonds, is the surviving partner of the firm of Little, Simonds & Co., which was composed of the defendant, Simonds, and one Daniel E. Little, now

deceased, who was the husband of the plaintiff. It is also alleged that in his lifetime he caused to be transferred and conveyed to the plaintiff a large amount of property, personal and real; that of the proceeds of some of this property, after it was so transferred, he took the sum of $5,550, and placed the same in the firm business, and executed to the plaintiff, his wife, the note sued on, in the firm name. It is further shown that at the time Little made these advances to the plaintiff both he and the firm were insolvent, but that these transfers were not made for a fraudulent purpose, but "to make provision for his wife in case of his death, and in the belief that the affairs of the firm would so far improve that it might eventually pay its debts in full, without recourse to the property so given to his wife." These transfers were, then, entirely independent transactions, and were not intended to be in payment of the note, and cannot be construed to be such.

Whether the defendant is in a position to assert any claim to the property or proceeds thereof in plaintiff's hands, and have the same applied upon the note, is the question raised by the third defence, in which the defendant sets up, in connection with the facts alleged in the second defence, that, as surviving member of the firm, he closed up its business, and, after applying the firm property in satisfaction of the partnership debts, he had, in addition, advanced out of his own private funds large sums in payment of other firm debts, which for the most part had accrued before such transfers, and that he has therefore a claim against the estate of Little for the excess of his proportion thereof, paid by him, and in excess of the amount due on the note in suit; and he asks, in order to avoid circuity of action, to be permitted to offset the amount due him from the estate of the deceased against the note, on the ground that the advances to plaintiff by the deceased were made without consideration, and after the indebtedness paid by defendant was originally incurred. This claim cannot be sustained. It is not disputed that the note was properly a partnership note made for the benefit of the firm. There must first be an accounting and adjudication of the balance due defendant, which cannot be had in this suit. *Wilcox* v. *Comstock*, 37 Minn. 65, (33 N. W. Rep. 42.) Had the creditors sought to reach this prop-

MINNESOTA REPORTS.

,erty, they would have been obliged to have reduced their claims to judgment before they could have charged the plaintiff as trustee for them under the statute, or filed a creditors' bill to reach assets transferred to her. And so it was necessary for the defendant to have had an adjudication of his claim against the representatives of the deceased partner before he could recover of her on account of debts paid by him to the partnership creditors to whose rights he may claim to be subrogated; and for this purpose also a remedy is afforded by statute. Gen. St. 1878, c. 52, § 15.

Order affirmed.