FERGUS PRINTING AND PUBLISHING COMPANY v. BOARD OF COUNTY COMMISSIONERS OF OTTER TAIL COUNTY.[1]

February 1, 1895.

No. 9125.

Counterclaim.

Defendant's counterclaim *held* to have been properly stricken out, for the reason that it neither arose out of the transaction set forth in the complaint, nor is alleged to have existed at the commencement of the action.

Publication of Forfeited Tax List for 1893.

G. S. 1878, c. 11, § 110 (G. S. 1894, § 1628), does not govern the rate of compensation for publishing the "forfeited tax list," pursuant to Laws 1893, c. 150; that, in the absence of express contract, the publisher is entitled either to the reasonable value of the work, or else to the rate fixed by G. S. 1878, c. 70, § 31 (G. S. 1894, § 5581).

From the decision of the board of county commissioners of Otter Tail county disallowing the claim of the Fergus Printing and Publishing Company for publishing the forfeited tax list for the year 1893, it appealed to the district court, and filed its complaint alleging that the legal fee for publication provided by law was 75 cents per folio for the first insertion, and 35 cents per folio for the second insertion. The answer alleged that the fee for publication of said list was the sum of 12 cents per description, as provided by G. S. 1878, c. 11, § 110 (G. S. 1894, § 1628). The company demurred to this part of the answer. It demurred also to that part of the answer which alleged as a counterclaim overpayments to the company

[1] Reported in 62 N. W. 272.

for publishing the delinquent tax lists for the years 1886, 1887, and 1888. The demurrer to the counterclaim was sustained, but overruled as to the remainder. The court, Baxter, J., found in favor of the company. The memorandum of the trial judge mentioned that the act of 1893 made no reference to the compensation to be paid for publication of the tax list, and the matter required to be published with each description was three times greater than that required to be published in the annual tax lists; it is evident the legislature did not intend the rate prescribed in the general tax law should be adopted as the rate under the act of 1893. From an order denying the motion of the defendant (and respondent) in the district court to set aside the findings, and for a new trial, the defendant appealed. Affirmed.

*M. J. Daly*, County Attorney, for appellant.

*Parsons & Brown*, for respondent.

MITCHELL, J. The plaintiff demurred to that part of defendant's answer set up by way of counterclaim. Subsequently, the cause went to trial upon the issues of fact. It appears from the record that on the trial defendant's counterclaim was withdrawn by stipulation of the parties. At a subsequent stage of the trial, "defendant asked leave to withdraw its stipulation that the counterclaim be stricken out, whereupon plaintiff renewed its motion that the counterclaim be stricken out. Motion granted." After the close of the trial the court filed its findings in favor of the plaintiff upon its cause of action, and at the same time filed its order sustaining the demurrer to defendant's counterclaim. Defendant then made a motion for a new trial, and, from an order denying this motion, defendant appealed. My own opinion is that no question as to the counterclaim can be considered on this appeal; that upon this record the trial court must be deemed to have disposed of the counterclaim by the order sustaining plaintiff's demurrer, and the correctness of that order cannot be raised by a motion for a new trial. Dodge v. Bell, 37 Minn. 382, 34 N. W. 739. My brethren, while not assenting to this proposition, are of the opinion that the so-called "counterclaim" was properly stricken out, for the reason that it neither arose out of the transaction set forth in the complaint, nor is alleged to have existed at the commencement of the action.

The only other question in the case is, what compensation was plaintiff entitled to, in the absence of any express contract, for publishing the "forfeited tax list," pursuant to the provisions of Laws 1893, c. 150? Defendant contends that it is governed by G. S. 1878, c. 11, § 110 (G. S. 1894, § 1628),—that is, 12 cents for each description,—while plaintiff contends that it is governed by G. S. 1878, c. 70, § 31 (G. S. 1894, § 5581),—that is, 75 cents per folio for the first insertion, and 35 cents per folio for the second. We agree with the trial judge, and for substantially the reason assigned by him, that G. S. 1878, c. 11, § 110 (G. S. 1894, § 1628), is inapplicable. It follows either that G. S. 1878, c. 70, § 31 (G. S. 1894, § 5581), is applicable, or, if not, that plaintiff is entitled to the reasonable value of the work. It is not necessary to decide which is the rule, for the undisputed evidence is that the publication was reasonably worth the rates fixed by G. S. 1878, c. 70, § 31 (G. S. 1894, § 5581).

Order affirmed.