WILLIAM GLOVER ET AL. V. HARGADINE-McKITTRICK DRY GOODS COMPANY ET AL.

FILED JULY 10, 1901.    No. 10,168.

Commissioner's opinion, Department No. 3.

1. **Demurrer for Want of Equity, Presents the Question of Whether Plaintiff Has Adequate Remedy at Law.** When a petition is evidently framed for the purpose of setting out an equitable cause of action, a general demurrer thereto is equivalent to a demurrer for want of equity under the former practice, and presents the question whether the plaintiff has an adequate remedy at law.

2. **In Action to Set Aside Fraudulent Conveyance, Vendor Always Proper, But Not Always Necessary, Party.** The vendor in a conveyance alleged and proved to have been fraudulently made and to be for that reason void as against creditors is always a proper, but not in all cases a necessary, party to an action by the latter to set the instrument or transaction aside. If he has

reserved or retained no title or interest in or lien upon the property, but has parted with it both absolutely and completely, he has no rights to be affected by the result of the litigation and his presence may be dispensed with.

3. **Garnishment:** LIEN: ACTION FOR DAMAGES: CREDITOR'S BILL. By proceedings in garnishment, an attachment or judgment creditor may acquire a lien upon personal effects in the possession of a vendee who has acquired them by means of a sale or transfer fraudulent as against the creditors of the vendor, and in a case in which an action for damages, as at the common law, would not afford an adequate remedy, the lien may be enforced in equity by an action in the nature of a creditor's bill.

ERROR from the district court for Hamilton county. Tried below before SEDGWICK, J. *Affirmed.*

*E. E. Carr, George B. France* and *Tibbets Bros., Morey & Anderson,* for plaintiffs in error.

*Hainer & Smith, contra.*

AMES, C.

This is a proceeding in error to review a decree by Judge Sedgwick, sitting in the district court for Hamilton county. On the 5th day of September, William R. Smith, who was a merchant in business at the city of Aurora, in that county, made a sale and delivery, which the court found, upon sufficient evidence, to be fraudulent and void as to creditors, of all his stock in trade to the above-named plaintiffs in error. On the 6th day of October, 1896, the defendants, Hargadine-McKittrick Dry Goods Company, obtained a judgment against Smith in the county court, and on the same day, after execution returned "no goods," procured a summons in garnishment to be issued and served on Glover and Farney, who, on the 2d day of November, answered, denying the indebtedness to Smith or the possession of any money or property belonging to him. On the 7th day of that month the dry goods company began this action by a petition commonly called a creditor's bill, reciting the proceedings in the

county court and praying to have the conveyance of his goods by Smith set aside as fraudulent as to creditors and a sufficient amount of the goods or of the value or proceeds of them applied to the satisfaction of their judgment. On the 7th day of September the defendant, the Hamilton County Bank, also began an action in the district court against Smith and caused an order of attachment to be issued and to be served, together with a notice in garnishment, upon the fraudulent vendees. This action proceeded to judgment upon December 7, and three days afterwards the garnishees made answer to the same effect as that made by them in the other case in the county court. Upon both answers the garnishees were discharged. To this action the Hamilton County Bank was made a party, but Smith was not. The former, in due season, filed an answer and cross-petition, setting forth the proceedings in its action against Smith and in other respects substantially like the petition of the plaintiffs. To these pleadings, separately, the plaintiffs in error filed demurrers upon three grounds, of which the first and third only are insisted upon in argument, namely, that there is a defect of parties defendant, and that the petitions do not state facts sufficient to constitute a cause of action against them. On December 5, after garnishment proceedings in the county court had been concluded and while those in the district court were pending, but after the beginning of this action, Smith made a general assignment for the benefit of his creditors. Both demurrers were overruled, and the plaintiffs in error filed answers, which, for the purpose of this opinion, may be regarded as general denials, with the addition of specially pleading as separate defenses, the proceedings in garnishment and their discharge therein and the making of the assignment for the benefit of creditors. To these two special defenses the court sustained demurrers. Plaintiffs in error then made a written demand for a trial by jury, which was denied, and the cause proceeded by the usual course to a decree finding all the issues joined in favor of the plaintiff and cross-petitioner, and adjudging

a first lien on the property in controversy in favor of the plaintiffs in error for moneys alleged in their answer and proved to have been disbursed by them in payment of taxes, and a second lien in behalf of the plaintiff and cross-petitioner and providing for the satisfaction of the same out of the proceeds of the stock of goods which had been sold and disposed of by the defendants in the action during its pendency.

If the demurrers to the petition and cross-petition were properly overruled, the exception to the denial of the motion for a trial by jury was not well taken. When a petition is evidently framed for the purpose of setting out an equitable cause of action, a general demurrer thereto is equivalent to a demurrer for want of equity under the former practice, and presents the question whether the plaintiff has an adequate remedy at law. *Gullickson v. Madsen,* 87 Wis., 19, 57 N. W. Rep., 965, and cases cited. The vendor in a conveyance alleged and proved to have been fraudulently made, and to be for that reason void as against creditors, is always a proper, but not in all cases a necessary, party to an action by the latter to set the instrument or transaction aside. If he has reserved or retained no title or interest in or lien upon the property, but has parted with it, both absolutely and completely, he has no rights to be affected by the result of the litigation and his presence may be dispensed with (*Potter v. Phillips,* 44 Ia., 353, 357; *Campbell v. Jones,* 25 Minn., 155; *Smith v. Grim,* 26 Pa. St., 95) ; and the case is the same when it is sought to enforce a lien against the property. *McCormick v. Lawton,* 3 Nebr., 449. If, by reason of the garnishment proceedings, or the pendency of the action, or both, the defendants in error had acquired liens upon the property, or the same had been taken into the custody of the law at the time of the making of the assignment for the benefit of creditors, that instrument was wholly inoperative upon it. The investigation is, therefore, narrowed to the inquiries whether, by the means mentioned, the defendants in error acquired liens upon the property or

placed it *in custodia legis,* and if so, whether their rights
are enforceable to this action in equity. To the first two
of these questions this court has already given an answer
plainly deducible from the statute. The statute enacts,
"An order of attachment binds the property attached
from the time of service and the garnishee shall stand lia-
ble to the plaintiff in attachment * * * from the time
he is served with the written notice," etc. Code of Civil
Procedure, sec. 212. Now, it is provided by preceding sec-
tions that the order of attachment shall be served upon
the garnishee, together with the notice, and the return of
the officer shall show the names of the garnishee and the
time of service upon each. All the accessible property
levied upon is taken into the actual possession of the officer
and is, of course, bound from the date of the levy, so that
express legislation to that effect is unnecessary, and the
word used in section 212 is not "levy," but "service," hav-
ing evident reference to the same term in the preceding
sections relative to the process of garnishment. But to
bind specific property for the payment of money or the do-
ing of any other act, is the very definition of a lien. This
court accordingly held in *Reed v. Fletcher,* 24 Nebr., 435,
not only that the plaintiff in attachment undoubtedly ac-
quires an equitable lien by the garnishment proceedings
upon the effects in the hands of the garnishee, but that by
such proceedings the property is taken into the custody
of the law so that it can not hereafter, pending the pro-
ceedings, be actually seized upon mesne or final process
against the debtor. To the same effect is *Northfield Knife
Co. v. Shapleigh,* 24 Nebr., 635, in which case execution
creditors were enjoined from levying their writs upon
property in the hands of the garnishee and it was held
that if the latter should abandon the property, the court
would appoint a receiver to administer the trust. The
doctrine of these cases is reaffirmed in *Grand Island Bank-
ing Co. v. Costello,* 45 Nebr., 119, and the matter ought
now to be considered as finally set at rest. Counsel for
plaintiffs contends, adversely to his argument in support

of the demurrer for defect of parties, that only such effects are reached by garnishment as the debtor himself might, in its absence, have asserted a right or title to; and that as it is shown by the circumstances of this case, that the debtor parted absolutely and completely with all his right, title and interest in the property, there was nothing in the hands of the garnishee, upon which the proceedings in garnishment could lay hold and that the garnishee, after his answer, having been discharged by order of the court, the proceedings had then come to an end. If this was true, then, as is said in *Northfield Knife Co. v. Shapleigh, supra,* "proceedings in garnishment would be an expensive farce, which would give the attaching creditor no rights under the attachment." The lien is created, not by the answer of the garnishee, and the order of the court thereon, but by the process and service upon the garnishee, and is affected by no interlocutory order of the court so long as in one case the attachment remains in force, or in the other the judgment remains unpaid; provided, of course, proceedings for its enforcement shall be begun within the statutory period of limitations. There is no force in the objection that property parted with by the debtor in fraud of his creditors is not charged with the lien. As to the creditors, it is still his property, and, as was held by the court in *Smith v. Sands,* 17 Nebr., 498, the fraudulent vendee takes and holds the property in trust for the creditors. All that, in such case, the garnishment does is to convert what was before a trust for all the creditors, generally, into specific trusts in behalf of the persons suing out the process. The above cited decisions of this court seem also to have sufficiently settled the question of practice. The statute enacts that the lien may be enforced by an action. An action has been aptly defined to be "any proceeding in a court of justice for the enforcement or protection of a right or the redress or prevention of a wrong." The statute does not provide what shall be the particular nature of the action; and the fact that the lien is created by statute, indicates nothing in that regard. The nature of the action

is, as in other cases, to be determined by the character and circumstances of the litigation. Where an ordinary suit at law will afford an adequate remedy, it should, doubtless, be employed; but when, as in the case at bar, there is a fraudulent conveyance to be set aside and conflicting liens to ascertain and adjust, and the fraudulent vendee is dis-posing of the goods and converting them to his own use, so that an accounting is requisite, the forms and machinery of a common law action are manifestly unsuited to the situ-ation, and incapable of affording adequate relief, and there is no reason why resort may not be had to equity.

For the foregoing reasons it is recommended that the judgment of the district court be affirmed.

DUFFIE and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion the judgment of the district court is

AFFIRMED.