GEORGE H. CROSBY v. SCOTT-GRAFF LUMBER COMPANY.[1]

December 16, 1904.

Nos. 14,169—(120).

**Breach of Contract—Counterclaim—Parties.**

Action to recover damages for a breach of contract whereby the defendant agreed to furnish materials of a stipulated quality to be used in the construction of a house by plaintiff for a family residence on lots owned by his wife. *Held*, that the defendant is entitled to set up as a counterclaim an unpaid balance of the contract price for the materials, and, in case he establishes his counterclaim, to enforce his lien therefor in this action, and, to that end, to have the plaintiff's wife made a party hereto.

**Legal and Equitable Issues.**

Under our system of pleading, equitable defenses and counterclaims may be interposed in actions at law. In such cases the legal issues are triable by a jury, the equitable ones by the court, and the order of the trial a matter of discretion with the court, to be determined by the exigencies of the particular case.

Appeal by defendant from an order of the district court for St. Louis county, Dibell, J., granting plaintiff's motion to strike out a

[1] Reported in 101 N. W. 610.

part of defendant's answer, and denying defendant's motion to make Charlotte V. Crosby, plaintiff's wife, a party to the action and to require her to reply to the answer. Reversed.

*Baldwin, Baldwin & Dancer,* for appellant.

*Washburn, Bailey & Mitchell,* for respondent.

START, C. J.

Action in the district court of the county of St. Louis to recover damages for the breach of a contract between the parties, whereby the defendant agreed to make and furnish to the plaintiff the mill and wood work for a dwelling house which he was erecting. This is an appeal from an order granting the plaintiff's motion to strike out a part of the defendant's answer, and denying the defendant's motion to have the wife of the plaintiff made a party to the action, and to require her to reply to the defendant's counterclaim.

If the action of the trial court in striking out the part of the answer complained of was right, its denial of the defendant's motion to bring in an additional party was also correct. The reverse of the proposition is true, for, if it was error to strike out the answer, the defendant's motion should have been granted. The practical question, then, is whether the court erred in striking out a part of the answer. The question is to be answered by a consideration of the pleadings.

The complaint, so far as here material, alleges, in effect, that in the year 1903 the plaintiff was engaged in constructing a residence for himself and family upon a certain site or lots in the city of Duluth, into which they moved in December, 1903; that the parties hereto entered into a contract whereby the defendant was to furnish all of the interior millwork for the completion of the house, in strict accordance with the plans and specifications therefor, for the agreed price of $2,749, but some changes in the plans were made, which increased the contract price to $3,011.31, upon which the plaintiff, without knowledge of any defect in the materials furnished by the defendant, paid the sum of $2,500; and further that the materials furnished for the house were in fact not of the kind or quality provided for in the plans and specifications, whereby the plaintiff sustained damages to the extent of the unpaid balance of the contract price of the materials furnished, which

would otherwise have been due to the defendant, and in the sum of $6,-000 in addition, for which sum judgment was demanded.

The answer admits that plaintiff was engaged in the erection of a house as alleged in the complaint, but alleges that his wife was and is the owner of the house and the lots on which it was erected; admits the making of the contract in question, and the payment of $2,500 thereon; alleges full performance of its terms, and denies the alleged breach thereof and all damages; and for a counterclaim the answer alleged facts showing that there is due to defendant from the plaintiff a balance of $730.26, after allowing all just credits and offsets, for materials furnished and used in the erection of the house, the last item of which was furnished January 7, 1904; that prior to the commencement of the action, and within the time limited by law, the defendant duly filed a lien statement and claim for the balance, $730.26, whereby it claimed a lien on the lots to that amount for materials furnished for the erection of the house thereon. The lien statement and a bill of the particular items of the materials were made a part of the counterclaim. The prayer of the answer was that the defendant have judgment against the plaintiff for the balance due on the contract; that it be declared a lien on the lots, and the lots sold to pay it; and that the plaintiff's wife be made a party to the action.

The parts of the answer which were stricken out were those relating to the counterclaim, which were inserted for the purpose of establishing a lien therefor. Now, at the outset, it is important to keep in mind two essential facts in this case, which are shown by the pleadings: First. The plaintiff's cause of action and the defendant's counterclaim arise out of the same transaction—the contract for furnishing materials for the erection of the house the plaintiff was engaged in constructing as a residence for himself and family. The plaintiff's cause of action is a breach of this contract, whereby he sustained alleged damages in excess of any sum due on the contract price in the sum of $6,000. The defendant's counterclaim is the balance due him by reason of his alleged performance of the same contract. Second. The premises in question are the family residence—that is, the homestead of the plaintiff and his wife—and whether the title thereto be in the wife, as alleged in the answer, or not, the plaintiff and his wife are each a necessary party to any action for the enforcement of a lien for materials furnished under the

contract. It is clear from these facts that any balance due to the defendant under this contract is a proper counterclaim in this action. G. S. 1894, § 5237. This is not controverted by the plaintiff. The question, then, is not the abstract one suggested by plaintiff's counsel, viz.: "The question on this appeal is whether, in a simple action to recover damages for breach of contract, the defendant can interpose a counterclaim in the nature of an action to foreclose a mechanic's lien upon the property of a third party, and have brought into the action to recover damages the parties necessary to a mechanic's lien suit." But the question is this concrete one: Is the defendant, under the particular facts of this case, entitled to avail itself of the remedy given by statute for enforcing its counterclaim, which is, if the defendant succeeds in establishing it, a lien on the premises.

We know of no rule of law which forbids such procedure, which is certainly in harmony with the spirit of our code system of practice. The lien and its enforcement are simply incidental to the counterclaim, and to deny the defendant its full measure of relief in this action is to relegate it to a separate action, to multiply suits, and to embarrass, if not seriously prejudice, its legal rights. The defendant was compelled to answer this action, and, in view of the issues tendered by the complaint, it could not safely omit to set up as a counterclaim the alleged balance due on the contract. The time limited in which to commence an action for the enforcement of its lien was one year, and, if it be compelled to commence a separate action, it will be necessary to make the plaintiff a party thereto, and seek to compel him to litigate therein, as one of the issues, the identical one pending in this action. Unless the plaintiff will be prejudiced if the defendant is allowed to set up its counterclaim and also enforce its lien therefor in this action, it is clear that the defendant should be permitted so to do.

The only substantial prejudice to the plaintiff's rights suggested is that such procedure, if allowed, will deprive him of a jury trial of the issues tendered by his complaint. Such will not be the necessary result. Under our system of pleading, equitable defenses and counterclaims may be interposed in actions at law. Vaule v. Miller, 69 Minn. 440, 72 N. W. 452. In such cases the legal issues are triable by a jury, and the equitable ones by the court. Dunnell, Minn. Pr. § 583. The order of the trial, however, is a matter of discretion with the trial court,

to be determined by the exigencies of the particular case. In this case there are two legal issues made by the complaint and answer—the alleged breach of the contract, and the damages sustained by the plaintiff by reason thereof. If it be determined that there was a breach of the contract, and that the damages exceed the balance due on the purchase price of the material, that will be the end of the defendant's counterclaim, and the plaintiff will be entitled to judgment. On the other hand, if it be determined that there was no breach, or that the damages are less than the amount of the contract price unpaid, the defendant will be entitled to judgment for the amount due on the contract price, and the court may proceed to enforce the lien therefor.

The case of Clay County Land Co. v. Alcox, 88 Minn. 4, 92 N. W. 464, cited and relied on by the plaintiff, is not in point, for that was a case where the defendant sought to bring in a third party and compel him to answer a cause of action set up in the answer which was wholly distinct from the cause of action alleged in the complaint. Such is not this case, for here the defendant's counterclaim and demand for relief arise out of the contract, which is the subject-matter of the plaintiff's alleged cause of action.

The defendant having the right to set up as a counterclaim the unpaid balance due on the contract price of the material, and to enforce his lien therefor in this action, it follows that he has the right, under Laws 1895, c. 29, to have the plaintiff's wife brought into the action to answer the plaintiff's claim for a lien on the house and lots, the legal title to which is in her. We accordingly hold that it was error for the trial court to strike out any part of the defendant's answer, and that it also erred in refusing the defendant's motion to have the plaintiff's wife made a party to the action.

Order reversed.