## WILLIAM APELT v. ALBERT E. MELIN AND ANOTHER.[1]

### November 9, 1917.

### No, 20,506.

**Action — joinder of parties — striking out counterclaim.**

A cause of action in favor of the defendants against one of the plaintiffs in which no effective judgment can be entered without joining other parties with the plaintiff cannot be maintained unless such parties are joined.

Action in the district court for Hennepin county to recover $100 upon a promissory note. From an order, Hale, J., granting the motion of plaintiff to strike out from the records the counterclaim interposed by them, defendants appealed. Affirmed.

*E. Luther Melin,* for appellants.
*John G. Priebe,* for respondent.

[1]Reported in 164 N. W. 979.

Dibell, C.

This is an appeal by the defendants from an order striking out their counterclaim.

The action is on a promissory note. The defendants answered and interposed a counterclaim. The plaintiff demurred to the counterclaim upon the ground of insufficiency of facts. Upon the application of the plaintiff the counterclaim was stricken. No application is on file and the ground of it does not appear. We assume that it was upon the ground that the cause of action stated was not a proper subject of counterclaim and therefore irrelevant. There is some authority for a motion to strike out in such a case. Fergus Printing & Pub. Co. v. Board of Co. Commrs. of Otter Tail County, 60 Minn. 212, 62 N. W. 272. And see American Exchange Bank of Duluth v. Davidson, 69 Minn. 319, 72 N. W. 129. In any event no objection was made to the procedure and we make none. Of course, a failure to demur is a waiver of the objection that the cause of action pleaded is not the proper subject of counterclaim. 2 Dunnell, Minn. Dig. § 7619; Dunnell, Minn. Pl. § 375.

The answer alleges that the note in suit was given for usurious interest; that to secure the principal sum loaned the defendants gave the plaintiff William Apelt and Louisa Apelt, his wife, a deed in form which was in fact a mortgage; that at the same time they executed a collateral agreement on its face purporting to be a profit-sharing contract; that in fact the agreement was that the plaintiff and his wife were to have 18 per cent upon their loan, and that the arrangement for a deed and contract was simply a cover to hide usury. In effect the counterclaim is an action against the plaintiff and his wife to have the deed declared to be a mortgage, to have it adjudged that the obligation which it was given to secure was usurious, and to quiet title in the defendants. To the action Louisa Apelt is a necessary party. The land was conveyed to the plaintiff and her jointly. They were both parties to the alleged usurious agreement. Without her presence there can be no effective decree. It is not sought to make her a party. It is the general rule that a cause of action which the defendant cannot maintain against the plaintiff alone, or one which cannot be determined without bringing in new parties plaintiff, cannot be maintained, at least without bringing in such new parties. See G. S. 1913, §§ 7757-7758; Dunnell, Minn. Dig. Supp. 1916, § 7602; Dun-

nell, Minn. Pl. § 357, et seq.; Campbell v. Jones, 25 Minn. 155; Wilcox v. Comstock, 37 Minn. 65, 33 N. W. 42; Little v. Simonds, 46 Minn. 380, 49 N. W. 186; Clay County Land Co. v. Alcox, 88 Minn. 4, 92 N. W. 464; Crosby v. Scott-Graff Lumber Co. 93 Minn. 475, 101 N. W. 610. Upon this state of the record there was no error in striking out the counterclaim.

Order affirmed.