### THE EIMON MERCANTILE COMPANY AND H. S. JULSRUD v. THOMAS J. CASSIDY.[1]

March 31, 1922.

No. 22,611.

**Party to action—when defendant cannot bring in assignor of plaintiff.**

    A defendant who alleges no counterclaim or ground of affirmative relief against a plaintiff is not entitled to have the assignor of plaintiff made a party solely for the purpose of asserting a cause of action against such assignor, there being no claim that the assignor questions the assignment.

[1]Reported in 187 N. W. 520.

Action in the district court for St. Louis county to recover $71,-902.43 converted by the brokerage firm of Cassidy & Munson. From the order, Dickinson, J., granting defendant's motion that H. S. Julsrud be made a party to the action, the Eimon Mercantile Company and H. S. Julsrud appealed. Reversed.

*Fryberger, Fulton, Hoshour & Ziesmer*, for appellants.

*A. M. Breding* and *M. S. Robb*, for respondent.

HOLT, J.

On defendant's motion the court ordered H. S. Julsrud to become a party to the action and reply to defendant's answer. Plaintiff and Julsrud appeal.

Plaintiff, assignee of Julsrud, sues to recover for an alleged conversion of funds which the grain brokerage firm of Cassidy & Munson, of which defendant is now the sole surviving member, had accumulated for Julsrud in buying and selling grain, as his agents, prior to October 12, 1916. The assignment to plaintiff is alleged to have been made in 1920. Defendant's answer denies the assignment and the existence of any claim in favor of Julsrud that could be assigned. Matters in defense are alleged which go to show that Cassidy & Munson were not indebted to Julsrud on account of any funds converted, but that on the contrary Julsrud was indebted to that firm in the sum of $29,000, for which defendant asks judgment against Julsrud.

The answer also sets forth a conspiracy and fraud between a bookkeeper of Cassidy & Munson and Julsrud whereby the latter obtained an untrue and erroneous statement of his account with the firm showing Julsrud, at the date of the statement, to have a credit balance with the firm of over $120,000, when in fact it was only $1,500; that thereafter, an attorney representing Julsrud came to Cassidy & Munson and, on account of said untrue statement of account, obtained as aforesaid, threatened to institute proceedings to oust the firm from the chamber of commerce and take such action as would destroy its business; that to avoid such consequences negotiations ensued whereby Julsrud was to become a partner of the firm, and in connection with that proposition the firm delivered to him

certain membership certificates worth $20,000, also referred to in the complaint, for the purpose of permitting him to have their value appraised; that while these negotiations were pending and upon Julsrud's promise to immediately obtain $20,000, to place to his credit with Cassidy & Munson, he procured them to sell $350,000 bushels of wheat; that after said order had been executed Julsrud did not protect it against a rising market, and Cassidy & Munson were compelled to close out the trade at a loss of $18,000; that Julsrud never repaid this or returned the certificates mentioned; that thereafter, Mr. Eimon, a representative of plaintiff, informed defendant that Julsrud was an embezzler, and while in plaintiff's employ had taken $25,000 of its money which he had placed to his account with Cassidy & Munson, and demanded payment of the firm; that this was the first knowledge said firm had that money or credits received from Julsrud had been stolen from plaintiff; that Eimon then produced the certificates delivered to Julsrud for appraisement as stated, which were non-negotiable and had not been transferred or indorsed by Cassidy & Munson, the owners; that as a result of said threats of Eimon, acting for plaintiff, Cassidy & Munson executed promissory notes to the amount of $25,000 to plaintiff and indorsed to it said certificates as security in payment of the moneys which Eimon claimed Julsrud had embezzled from plaintiff and which he had placed to his account with Cassidy & Munson.

Defendant predicates the right to have Julsrud made a party upon section 7690, G. S. 1913. This must depend on the fact whether he has set up such a counterclaim or right to affirmative relief that to a full determination thereof Julsrud should be made a party. But defendant sets up no counterclaim or ground for affirmative relief against plaintiff. Judgment is asked solely against Julsrud. That Julsrud had embezzled money from plaintiff which had come into the hands of Cassidy & Munson is charged in the complaint and tacitly admitted in the answer, wherein a settlement with plaintiff therefor is pleaded. But this settlement is not attacked; nor is defendant asserting that Julsrud now claims any interest in the cause of action on which plaintiff sues, so that an interpleader would be proper. Of course, plaintiff took the assignment subject to any off-

set or defense which Cassidy & Munson had against Julsrud at that time. But such offset or defense may be asserted to the fullest extent without Julsrud being a party. If, as defendant claims, Cassidy & Munson were not indebted to Julsrud when he assigned the claim to plaintiff it ends plaintiff's case. And surely this defense can be litigated by defendant without Julsrud's presence as a party to the action. It is not advisable to complicate or cloud the issues in a lawsuit by bringing in unnecessary parties. We think a defendant is not entitled, under said section 7690, to bring in another party, unless he has alleged a counterclaim or ground for affirmative relief against a plaintiff and makes a showing that for a full determination thereof it is necessary that such other party be brought in. In this case defendant's alleged cause of action or ground for affirmative relief is wholly against the party sought to be brought in. In such a case defendant's remedy is by direct suit against that party.

It may be conceded that, at least in equity, the court is in the exercise of judicial discretion when ordering a person to be made a party to a pending suit. But here plaintiff's cause of action against defendant, as well as defendant's against Julsrud, is strictly at law. That the situation presented by this record does not justify making Julsrud a party seems decided in Davis v. Sutton, 23 Minn. 307. An example of a counterclaim or right to affirmative relief asserted against a plaintiff which justified the granting of a defendant's motion to bring in additional parties is found in the case of Crosby v. Scott-Graff Lumber Co. 93 Minn. 475, 101 N. W. 610, where plaintiff's wife was made a party so that the lien claim asserted against plaintiff could be foreclosed and the rights of all parties interested in the homestead determined. The case of Clay County Land Co. v. Alcox, 88 Minn. 4, 92 N. W. 464, also indicates that upon the issues here presented, between plaintiff and defendant, Julsrud was not a proper party, for those issues may be determined without him. That he may be needed by either party as a witness is not a reason for compelling him to become a party to the action.

The order is reversed.