## LINCOLN SECURITIES COMPANY v. POPPE, INC.[1]

December 24, 1926.

No. 25,717.

**Appealable order.**

    1. An order vacating an ex parte order bringing in an additional party defendant is appealable.

**Proper to vacate order making payee of note party defendant.**

    2. The pleadings raised two issues: Were the notes sued on usurious? Was plaintiff, the indorsee of the notes, a holder in due course? The ex parte order made the payee of the notes a party defendant. *Held* that he had no interest and was not concerned in the determination of the second issue.

**Within discretion of court to make or refuse to make payee party to action.**

    3. If plaintiff was a holder in due course, defendant was liable, but if it paid the notes it would have a right of recovery against the payee under G. S. 1923, § 7038. This right was distinct from plaintiff's right of action, hence it was largely within the discretion of the trial court to make or refuse to make the payee an additional party defendant. There was no abuse of discretion in the vacation of the ex parte order.

> Appeal and Error, 3 C. J. p. 453 n. 17, 20; 4 C. J. p. 798 n. 32; p. 839 n. 26.
> Bills and Notes, 8 C. J. p. 848 n. 76.

Defendant appealed from an order of the municipal court of Minneapolis, White, J., granting plaintiff's motion to vacate an order making O. J. Thorpe an additional party defendant. Affirmed.

*George T. Simpson*, for appellant.

*Brill & Maslon*, for respondent.

LEES, C.

Defendant gave three promissory notes to O. J. Thorpe. He indorsed them to plaintiff, who sues to recover the amount due thereon.

[1]Reported in 211 N. W. 470.

The defense is usury, coupled with an allegation that plaintiff is not a bona fide purchaser for value and before maturity, and an allegation that there cannot be a full determination of the action unless Thorpe is brought in as a party.

After serving the answer, defendant obtained an ex parte order making Thorpe a party defendant. He failed to appear or answer. Subsequently plaintiff moved for the vacation of the order. The motion was granted and defendant appealed.

There is a preliminary question as to the appealability of the order. The rule that no appeal lies from an ex parte order, and that a nonappealable order cannot be brought to this court by an appeal from an order vacating or refusing to vacate it, is subject to at least one exception, viz: If the order affects a substantial right within the meaning of subdivision 7, § 9498, G. S. 1923, it is appealable. Security St. Bank v. Brecht, 150 Minn. 502, 185 N. W. 1021. In Lewis v. Babcock, 150 Minn. 394, 185 N. W. 384, we considered and passed upon the merits of an order vacating an ex parte order bringing in an additional party defendant. But in that case the appeal was taken by the party brought in and not as here by the original defendant, and the action was of an equitable nature and not one at law. In view of the ruling in the Brecht case, it must be held that the order now under consideration is appealable.

Thorpe was brought in as an additional party under G. S. 1923, § 9181. Two issues were raised by the pleadings: Were the notes usurious? Was plaintiff a holder in due course?

It is clear that the second question could be fully determined without Thorpe's presence as a party defendant. That is the test to be applied in passing upon a motion based on § 9181. Davis v. Sutton, 23 Minn. 307; Clay County Land Co. v. Alcox, 88 Minn. 4, 92 N. W. 464; Eimon Merc. Co. v. Cassidy, 151 Minn. 470, 187 N. W. 520. There is no reason why a plaintiff should not be permitted to carry on the action without the intermeddling of a person with whom plaintiff has no concern. Plaintiff is not interested in Thorpe's liability to defendant if he exacted an unlawful rate of interest from defendant.

The answer to the other question is not so clear. If the notes were usurious, the rights of the parties would be controlled by G. S. 1923, § 7038. Defendant would be liable to plaintiff if plaintiff was a bona fide purchaser for value and before maturity, but could recover from Thorpe the amount defendant had been compelled to pay plaintiff. Defendant's right of action against Thorpe is distinct from the right of action asserted by plaintiff against defendant. In an action at law, that is an important consideration. Eimon Merc. Co. v. Cassidy, supra. Under the circumstances, whether Thorpe should be brought in as a party defendant rested largely in the discretion of the trial court and we cannot say that its discretion was not properly exercised.

Farmers & Merchants Bank v. Tate, 96 Neb. 142, 147 N. W. 213, cited by counsel for defendant, is not in point for the reason that the defense was based on a fraud perpetrated by the payee of the note with the aid of the indorsee, a coconspirator.

Order affirmed.