# W. L. LAMBERTSON v. HENRY H. WESTERMAN. INVESTORS SYNDICATE, APPELLANT.[1]

June 4, 1937.

No. 31,267.

*Snyder, Gale & Richards,* for appellant.
*Smith & Coughlin,* for respondent.

STONE, JUSTICE.

Appeal by Investors Syndicate, a corporation, from an order granting defendant's application for an order making appellant an additional party in an action brought against defendant to recover damages for personal injuries.

The case arises out of a collision between two automobiles, one driven by plaintiff and the other by defendant. Each charges that the accident was the result of the other's negligence. Plaintiff was the first to sue, so defendant had to present his case by a counterclaim wherein, in addition to averring plaintiff's negligence

[1]Reported in 273 N. W. 634.

as the sole proximate cause of the accident, he alleged that plaintiff at the time was in the course of his employment by appellant and that, in consequence, appellant was liable with plaintiff for defendant's injuries under the doctrine of *respondeat superior*.

2 Mason Minn. St. 1927, § 9181, authorizes an additional party to be brought in—

"Whenever it shall be made to appear, * * * that in order to a full determination of such action another should have been made a party defendant or plaintiff therein, * * *."

Appellant urges that the above is not applicable since the statute has been held to apply only to cases wherein the new party is necessary to secure a full determination of the controversy "between the original parties tendered by the complaint, answer, or counterclaim," citing Clay County Land Co. v. Alcox, 88 Minn. 4, 92 N. W. 464; 5 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) §§ 7328-7329.

In any application of the Clay County Land Co. case, it must not be forgotten that the attempt there was radically to change the character of the action, which began as one for the restitution of certain offices. The answer, under which the order (reversed here) was made, attempted not only to bring in an additional party, but also to convert the case into one for a general partnership accounting.

■ Independently of statute, the district court has inherent power to bring an additional party into a case whenever necessary for the "complete administration of justice." Webster v. Beckman, 162 Minn. 132, 134, 202 N. W. 482, 483. Such action is largely a matter of discretion. Johnson v. Hartford A. & I. Co. 187 Minn. 186, 245 N. W. 27; Lincoln Securities Co. v. Poppe, Inc. 169 Minn. 392, 211 N. W. 470. Hence the propriety of the court's order in this case depends upon whether or not it is "necessary for the complete administration of justice."

Had respondent here, defendant below, been the first to sue, so that he would have appeared as plaintiff and not as a counterclaiming defendant, he would have had the right to join both master and servant as he could have done with other joint tortfeasors.

"No substantial reason can be given for requiring separate actions in such cases. On the contrary, the orderly administration of justice will be conserved by permitting the joinder." Mayberry v. N. P. Ry. Co. 100 Minn. 79, 83, 110 N. W. 356, 357, 12 L.R.A.(N.S.) 675, 10 Ann. Cas. 754; 2 C. J. p. 903.

The good sense and irrefutable logic of that conclusion are too plain for argument. So also is its justice. Yet defendant would be deprived of its benefit were we to reverse this order. No such defendant, who, by reason of his counterclaim, is as much plaintiff as the nominal one, should be put beyond the reach of such a rule by the mere circumstance that the plaintiff has beaten him to court. A more important interest is that of the public in the economy of government, which, in the judicial department, long ago reached the point where (if given the opportunity) it refused to permit two or more lawsuits where one would suffice for settling the whole controversy.

■ True, a cause of action which cannot be determined without bringing in new parties, without more, cannot be set up as a counterclaim. 5 Dunnell, Minn. Dig. (2 ed. & Supp. 1932) § 7602. But that rule is one for testing the validity of a counterclaim as such. It is not determinative of the right of a counterclaiming defendant to bring in additional parties. Campbell v. Jones, 25 Minn. 155; Wilcox v. Comstock, 37 Minn. 65, 33 N. W. 42; Little v. Simonds, 46 Minn. 380, 49 N. W. 186; Apelt v. Melin, 138 Minn. 269, 164 N. W. 979. In all of those cases the counterclaim presented an issue requiring for its decision the addition of a third party. But in none of them was there demand for the bringing in of the necessary new litigant. That omission was held fatal to the counterclaim.

There is also argument that if the order under review stands appellant will be deprived of a statutory right, which it might otherwise have, to a change of venue to Hennepin county, where, for purposes of venue, it claims its residence. See 2 Mason Minn. St. 1927, §§ 9215, 9216. The complete answer is that venue is a matter which in the first instance is for consideration by the trial

court. It is enough for us that appellant's rights in that respect, if properly presented by motion, will have due consideration below.

Order affirmed.