## A. L. SCHAU v. O. W. BUSS AND OTHERS.
## TITLE INSURANCE COMPANY OF MINNESOTA, APPELLANT.[1]

December 27, 1940.

No. 32,571.

[1]Reported in 295 N. W. 910.

*Reuder & Carroll,* for appellant.
*Marshall B. Taft,* for respondent.

HILTON, JUSTICE.

The Title Insurance Company of Minnesota appeals from an order making it an additional defendant.

Action for money for services by one Schau, a subcontractor, against the general contractor, Buss, and the homeowner, Baden. Baden's liability was based upon promises made to Schau after he stated that he had decided to quit work because of doubts about getting paid. Appellant was added as defendant upon motion of Schau based upon an affidavit of Baden averring that appellant had promised him to satisfy Schau's claim. Appellant at the hearing made its liability issuable by an affidavit in opposition. The trial court felt that a full determination of the controversy required the presence of all parties in the interest of justice.

■ Primarily relied upon by the court below for bringing appellant into the lawsuit was 2 Mason Minn. St. 1927, § 9181, which provides as follows:

"Whenever it shall be made to appear, upon motion of the plaintiff in any pending action, or of any defendant in such action who has alleged a counterclaim or other ground for affirmative relief, that in order to a full determination of such action another should have been made a party defendant or plaintiff therein, the court, upon such terms as may be proper, shall order such additional party to be brought in, and may stay other proceedings in the action for such time as may be necessary for that purpose."

Appellant in challenging the application of this statute to it asserts chiefly that only where its presence is essential to the full determination of the controversy between the original parties, Schau, Baden, and Buss, can it be added as party defendant, citing Clay County Land Co. v. Alcox, 88 Minn. 4, 92 N. W. 464. Here appellant is not essential to that determination. Also, contention is made that the amended complaint states no cause of action against appellant.

Section 9181 above referred to represents a revised version of two prior laws. R. L. 1905, § 4069. The first, enacted in 1868, L. 1868, c. 79, § 1, permitted additional parties to be brought into pending litigation only on motion of a plaintiff who "shall discover that any party ought, in order to a full and just determination of such action, to have been made defendant therein." Seemingly, this statute made the inclusion of additional defendants depend upon whether they should have been joined originally to facilitate a full determination of the action. The second, enacted in 1895, L. 1895, c. 29, § 1, operated to amend the 1868 law by granting similar privilege to any defendant "in case of a counterclaim or of a demand for affirmative relief." In neither the original nor revised versions is it entirely clear whether the phrase "such action," for a full determination of which other parties ought to be brought in, refers strictly to the particular claim which plaintiff asserts in the complaint against this defendant, or refers rather to all claims arising out of the subject matter now in litigation assertable against all parties, including this defendant. In view of appellant's contentions, decision of this point becomes necessary.

These statutes, by permitting additional parties to be included on motion of present parties, constitute legislative recognition that judicial proceedings are primarily adversary whereby the parties instigate, prosecute, and direct litigation in all respects. The principle that courts are chiefly concerned with the parties immediately before them follows logically from this adversary concept. Decision of the controversy between them should not be unnecessarily impeded by the introduction of extraneous parties and issues not at all germane to the principal controversy. However, the presence of third parties in litigation should not depend entirely upon whether the particular issue between the original parties can be decided without them. The obvious public and judicial interest in the complete administration of justice through economy in litigation, without prejudice to the parties, should not be overlooked. Lambertson v. Westerman, 200 Minn. 204, 273 N. W. 634. To fore-

stall any legislative oversight of this interest, courts inherently have the power to compel parties not present to appear whenever their presence is essential to the complete administration of justice. Webster v. Beckman, 162 Minn. 132, 202 N. W. 482; Johnson v. Hartford A. & I. Co. 187 Minn. 186, 245 N. W. 27; Sheehan v. Hall, 187 Minn. 582, 246 N. W. 353. However, in the statute here under consideration, no legislative oversight of this judicial interest is present. That originally the availability of additional parties was made to depend ultimately upon judicial discretion is illustrated by the provision that the court should grant the requested order on motion of a party only if the reasons advanced therefor "are deemed sufficient." L. 1868, c. 79, § 1. Adversary considerations alone were not to control the scope within which requested orders would be granted. In fact whether a motion of a party, directed to the court's discretion, results in the addition of another party depends upon identical considerations of necessity, convenience, and justice, whether the authority for granting it arises out of statute, Sundberg v. Goar, 92 Minn. 143, 99 N. W. 638; Lincoln Securities Co. v. Poppe, Inc. 169 Minn. 392, 211 N. W. 470, or out of the court's inherent power, Johnson v. Hartford A. & I. Co. 187 Minn. 186, 245 N. W. 27; Minnesota Nat. Bank v. Equitable L. Assur. Society, 197 Minn. 340, 267 N. W. 202. Exercise of judicial discretion in a particular case may require the exclusion of third parties as detrimental to the administration of justice between the original parties, Sundberg v. Goar, *supra; cf.* Boen v. Evans, 72 Minn. 169, 75 N. W. 116, or it may require their presence as essential to the disposition of all conflicts involved in the particular controversy, Johnson v. Hartford A. & I. Co. and Minnesota Nat. Bank v. Equitable L. Assur. Society, *supra.*

■ However, appellant insists that the doctrine of Clay County Land Co. v. Alcox, 88 Minn. 4, 92 N. W. 464, prescribes fixed boundaries for the bringing in of additional defendants within which it does not come. But "in any application of the Clay County Land Co. case it must not be forgotten that the attempt there was radically to change the character of the action, which

began as one for the restitution of certain offices. The answer, under which the order (reversed here) was made, attempted not only to bring in an additional party, but also to convert the case into one for a general partnership accounting." Lambertson v. Westerman, 200 Minn. 204, 205, 273 N. W. 634, 635. Further, in explaining the difficulty in Clay County Land Co. v. Alcox, 88 Minn. 4, 92 N. W. 464, Chief Justice Start, its author, in Crosby v. Scott-Graff Lbr. Co. 93 Minn. 475, 479, 101 N. W. 610, 612, had this to say:

"That was a case where the defendant sought to bring in a third party and compel him to answer a cause of action set up in the answer which was wholly distinct from the cause of action alleged in the complaint."

Now it is clear that any such effect of a counterclaim should be avoided, particularly where, as there, it operated to deprive the additional party of venue rights.

The limitation thus imposed upon the use of a counterclaim by defendant against third parties where not at all germane to an asserted counterclaim against the plaintiff has been recognized by later cases. Eimon Merc. Co. v. Cassidy, 151 Minn. 470, 187 N. W. 520; Lincoln Securities Co. v. Poppe, Inc. 169 Minn. 392, 211 N. W. 470; McClearn v. Arnold, 173 Minn. 183, 217 N. W. 106. But the specific requirement that the third party must be necessary to the determination of the counterclaim asserted by defendant against the plaintiff has not been strictly followed whether the third party was added under the court's inherent power, Lambertson v. Westerman, 200 Minn. 204, 273 N. W. 634, or under the statute, 2 Mason Minn. St. 1927, § 9181; Kavli v. Leifman, 207 Minn. 549, 292 N. W. 210; cf. Schaefer v. Thoeny, 199 Minn. 610, 617, 273 N. W. 190; Serr v. Biwabik Concrete Aggregate Co. 202 Minn. 165, 185, 278 N. W. 355, 117 A. L. R. 1009.

Narrowly speaking, in the instant case the issue of liability between the original parties, Schau, Baden, and Buss, can be determined without the presence of appellant. More realistically, however, Schau desires, as economically as possible, to assert his claim

for services against all persons who have made themselves liable therefor. In this desire courts are sympathetic for reasons that underlie a complete administration of justice. That appellant's liability, if any, is not joint does not matter. Conceivably, if Baden's affidavit is true, he made himself liable on a promise to Schau only because prior to the making of such promise appellant had assumed all his liabilities. Appellant's asserted liability was not known to Schau at the time he brought the original action; otherwise it would have been part of the original complaint. Are we now to say that simply because appellant's presence is not essential to the determination of the liability of Baden and Buss to Schau appellant cannot be joined? We decline so to hold.

In cases involving this problem of additional parties, we think the rule as to allowable joinder should be broad and flexible. Wherever parties not now before the court in a pending action, who should have been joined originally, are so intimately related to the principal claims asserted by and against the principal parties that a complete determination of those claims is dependent to a material degree upon their presence, they should upon adequate showing be included by the court (so as to be bound thereby) in the exercise of its discretion.

■ Exercising its discretion, the court below in effect concluded that appellant's presence would contribute materially to the complete determination of plaintiff's demand. Under the rule concerning third-party contract beneficiaries (La Mourea v. Rhude, 209 Minn. 53, 295 N. W. 304, opinion filed December 13, 1940), the facts here, if true, give plaintiff a cause of action against appellant. On this record we cannot hold that the trial court abused its discretion.

Order affirmed.