SWENSON et al., Respondents, v. SPLIT ROCK CIVIL
TOWNSHIP et al., Appellants.

(163 N. W. 563.)

(File No. 4108.   Opinion filed June 26, 1917.)

1. **Actions—Parties—Location of Many Section Lines, Determination of Disputed Lines—Enjoining Expenditures for Road Improvements—Necessary Parties Defendant.**

In a suit by various taxpayers and owners of realty in a township, against a civil township, its supervisors, its treasurer and its clerk, to restrain the township officers from incurring obligations bindng on and from spending funds of the township in improvement of public highways along the line of a certain re-survey of the township made pursuant to vote of the people therein; it appearing that some owners claimed the true lines as marked by original government corners were nearly always in accord with lines of established travel, while others claimed such lines of travel were not upon government section lines and that it was impossible to determine where such sections actually were, **held**, that the trial court erred in denying defendant's motion for an order requiring plaintiffs to make all other land owners in the territory involved than those already sued parties to the suit and that defendants be allowed, by cross-bill, to put in issue, as between disputing owners, the question of true location of such section lines; that, since all tax-payers have the right to sue to restrain expenditure of public money whenever authorities are about to expend same in an unauthorized manner or at unauthorized places, any decree rendered as between the present parties, if in favor of plaintiffs, would prevent township officers from improving highways along lines of the re-survey and would require them to maintain highways along lines claimed by plaintiffs, while such decree could have no binding effect as against other owners not made parties; while also, in another action which might be brought by other owners seeking similar relief as to lines claimed by plaintiffs, other evidence might be produced that might warrant determining the true location of part or all of the section lines was not as found in the present suit; caus-

ing an intolerable situation, which no court should render possible if prevention is within its power; final determination of questions of boundary lines being necessary for full protection of defendants.

2.  Same—Parties—Location of Many Section Line Highways—Necessary Parties Defendant—Non-party Agreement re True Location of Lines, as Excuse for Not Impleading Them.

The fact that the pleadings in the present suit by land owners against other owners, to determine true location of section lines and to enjoin improvement of and expenditure of township moneys on improvements of highways until true lines are determined, show that certain owners of adjacent lands have agreed on the true line between the properties, is not sufficient to excuse bringing in of said parties as parties to the suit; they should be made parties, regardless of such agreement, so that the court's judgment may fix the true lines.

3.  Same—Section Line Highways—Suit to Determine Location of Highways and Enjoining Improvement Expenditures—Realty Lienholders, Whether Necessary Parties.

Nor is it necessary, in such a suit, that any other than owners of such lands be made parties; and the holders of liens on such lands need not be made parties.

Gates, P. J., taking no part herein.

Appeal from Circuit Court, Minnehaha County. Hon. Joseph W. Jones, Judge.

Action by Sever M. Swenson and others, against Split Rock Civil Township, a public corporation, Henry F. Bucholtz and others as township supervisors, and others as township officers, to determine the true location of section line highways in said township, and to restrain the defendants from incurring binding obligations against the township for, or the expenditure of township funds for improvement of highways, etc. From an order denying defendants' motion to require plaintiffs to make all other land owners in said territory parties to the suit, defendants appeals. Reversed.

*Boyce, Warren & Fairbank, for Appellants.*

No appearance for Respondents.

(1) To point one of the opinion, Appellants cited: Code Civ. Proc., Sec. 88; Consolidated Water Co. v. Babcock, 76 Fed. 243; Daniel's Chancery Pl. & Pr., (4th ed.) 190; Shields v. Barrow, 17 How. 130; City of Ft. Wayne v. Ft. Wayne & J. R. Co., 48 N. E. 342; Pol. Code, Secs. 1707-1710; New Orleans Water Works Company v. City of New Orleans, 164 U. S. 471; Mer-

chants Bldg. Imp. Co. v. Chicago, etc., Co., 108 Ill. App. 54; 16 Cyc. 181-2; 5 Cyc. 951, 953; Town of New Castle v. Hunt, 93 N. E. 173.

WHITING, J.   This action involves a determination of the location of the section lines in the north half of Split Rick Township, Minnehaha county, S. D.   It seems that for years there has been a dispute among the owners of land in said territory concerning the true location of the section and quarter section lines; some of the owners claiming that the true lines as marked by the original government corners were, in almost every instance, in accord with the lines of travel that had been established through said territory; others claiming that such lines of travel were not upon the government section lines, and that it was impossible to determine where such section lines actually were.   Pursuant to a vote of the people of said township a resurvey of said township was had, which survey purported to locate the several section and quarter corners.   The township officers being about to enter upon extensive improvement of the highways of said township, and intending to locate such highways along the lines of such resurvey, plaintiffs—who are owners of lands within said north half of such township—brought this action as taxpayers and as such owners of lands and sought to restrain the township officers from entering into obligations binding said township and from spending the funds of said township in the improvement of public highways along the line of said resurvey, and also sought a decree requiring the highways to be maintained and improvements thereof, if any, to be made along the lines alleged by them to be those conforming to the original government survey. . Defendants asked that the plaintiffs be required to make all the other landowners in said territory parties to this action, and that the defendants be allowed, by cross-bill, to put in issue, as between disputing landowners, the question of the true location of such section lines of said territory to the end that the matter of the proper location of such highways might be fully determined and the township, through its officers, thereafter proceed safely in the improvement of said highways.   From an order refusing these requests, the present appeal is taken.

[1-3] We are of the opinion that the trial court was in error in refusing the order sought.   There can be no question but what

any taxpayer has the right to bring an action to restrain the expenditure of public money whenever the authorities are about to expend the same in an unauthorized manner or at an unauthorized place. But this proceeding goes much farther than the ordinary action of that nature. In effect it seeks to have determined, in an action between the plaintiffs and the township, the location of the boundary lines of all the farms in such territory. Without the bringing in of the additional parties, any decree rendered as between the present parties, if in favor of the plaintiffs, would prevent the township officers from improving the highways along the lines of the resurvey, and would require them to maintain the highways along the lines claimed by the plaintiffs; but such decree could have no binding effect as against the other landowners not made parties to such action; and, while it might be presumed that any findings rendered in this action would be in accordance with the truth and undoubtedly would be in accordance with the evidence received, yet it is clear that, in another action which might be brought by other landowners seeking to prevent the expenditure of money upon the lines claimed by plaintiffs, other evidence might be produced which would lead the court, upon the trial of such action, to conclude that the true location of part or all of the section lines was not as found in this action. Thus there might arise an intolerable situation and one which no court should render possible if prevention is within its power. To illustrate: In one case the parties might not know of, or might be unable to produce, the testimony of some one or more witnesses whose testimony when produced in the second case thoroughly established the true location of certain obliterated corners which, in the former case, were found to have become lost and not merely obliterated.

It would appear from the pleadings that certain of the owners of adjacent lands have agreed upon the true line between their properties. We are of the opinion that this fact is not sufficient to excuse the bringing in of said parties as parties to this action. Suppose the owners of the N. W. of 1 and N. E. of 2 should agree that the true location of the section line between such sections was in accord with the resurvey, while the owners of the S. W. of 1 and the S. E. of 2 should agree that the line as claimed by plaintiffs was the true line, thus leaving a jog at the

quarter section line along which there would be no highway; or suppose the owners of the first two quarters should be agreed while the owners of the other two quarters were disagreed and the result of the trial herein should be that the court determines the line between the second quarters to be along the line not agreed upon by the owners of the first quarters, it is apparent that a situation would be created that should be avoided. We are therefore of the opinion that, regardless of the fact that certain of the owners of adjacent lands may be agreed as to the location of the disputed lines, they should be made parties herein to the end that the judgment of the court may fix the true lines.

If plaintiffs as taxpayers had brought this action to restrain defendants from proceeding to expend the township funds upon the highways until the dispute as regards the true locations of such highways had been determined, and the court had granted the relief asked, and then the defendants had brought an action to determine the location of these several sections lines, it would seem clear that all landowners whose lands adjoined such lines would of necessity be made parties; therefore when plaintiffs, in one action, are seeking to have determined what would be determined in the two actions above referred to, they certainly should make parties thereto all who would be necessary parties in the second of such actions.

We are therefore of the opinion that, inasmuch as the determination of the issues herein cannot settle the rights of, and be binding upon, all the parties interested in the main question involved—the boundary lines of the several farms in this half township—unless all of the owners of such farms are made parties hereto, and inasmuch as a final determination of such question is necessary for the full protection of defendants, the trial court should have granted the relief prayed for. We approve of the following found in Daniels, Chancery Pl. & Pr. (3d Am. Ed.) 181:

"It is the constant aim of a court of equity to do complete justice by deciding upon and settling the rights of all persons interested in the subject of the suit, so as to make the performance of the order of the court perfectly safe to those who are compelled to obey it, and to prevent future litigaton. For this purpose all persons materially interested in the subject ought gen-

erally, either as plaintiffs or defendants, to be made parties to the suit."

As supporting the same holding, see 16 Cyc. 181-189. We do not think that any other than the owners of such lands need be joined—the holder of liens need not be.

The order appealed from is reversed.

GATES, P. J., taking no part herein.