HALDOR E. BOEN v. FRANK J. EVANS and Another.

May 3, 1898.

Nos. 10,964—(53).

**Amendment of Complaint—Bringing in Additional Defendant—Discretion—Statute of Limitations.**

*Held,* that the trial court did not abuse its discretion in denying the plaintiff's motion to amend his complaint, and for leave to bring in a third party as defendant.

Appeal by plaintiff from an order of the district court for Otter Tail county, Baxter and Searle, JJ. Affirmed.

*Hans Bugge* and *John Lind,* for appellant.

In protecting its property, in collecting its debts, and generally in transacting business of a private character, a municipal corporation may, when not expressly prohibited, or when not otherwise prevented by statute, avail itself of all the rights and remedies afforded to an individual. City of Buffalo v. Bettinger, 76 N. Y. 393; Town of Plainview v. Winona & St. P. R. Co., 36 Minn. 505; Borough of Henderson v. County of Sibley, 28 Minn. 515. The assistance of the courts may be invoked by a taxpayer where the officers of the municipality refuse to act. 2 Dillon, Mun. Corp. § 915; 2 Pomeroy, Eq. Jur. § 1095; Rothwell v. Robinson, 39 Minn. 1; Hodgson v. Duluth, H. & D. R. Co., 46 Minn. 454; Sinclair v. Board of Co. Commrs., 23 Minn. 404. The court has power to bring in the city as a party defendant. Elmer v. Loper, 25 N. J. Eq. 475; Folkerts v. Power, 42 Mich. 283; Morrill v. Little Falls Mnfg. Co., 46 Minn. 260; U. S. Ins. Co. v. Ludwig, 108 Ill. 514; Wood v. Lenawee, 84 Mich.

521; Sanger v. City, 134 Mass. 308; Lehigh C. & N. Co. v. Central R. Co., 42 N. J. Eq. 591; Anderson v. Orient F. Ins. Co., 88 Iowa, 579; Inhabitants of Winthrop v. Farrar, 11 Allen, 398. Defendants can plead the statute of limitations only by answer, in which case plaintiff may allege and show facts suspending its operation. Trebby v. Simmons, 38 Minn. 508.

*John P. Williams* and *Houpt & Baxter*, for respondents.

The filing of the amended complaint and the bringing in of defendant city would be equivalent to the institution of a new action, for the action proper would be deemed commenced when the city is brought in. Chadbourn v. Rahilly, 34 Minn. 346. A party cannot be substituted without his consent. Erskine v. McIlrath, 60 Minn. 485. The doctrine of amendments should not be so extended. Nugent v. Adsit, 93 Mich. 462; Segelke & K. Mnfg. Co. v. Hulberg, 94 Wis. 106; Flint & P. M. R. Co. v. Wayne Circuit Judge, 108 Mich. 80. The cause of action in the amended complaint is a new and different action. Belden v. State, 103 N. Y. 1. Where plaintiff brings action against the wrong party, and after the statute has fully run amends his petition and brings in new parties as defendants, the new parties thus brought in may rely upon the statute of limitations as a defense. Thompson v. School District, 71 Mo. 495; Bell's Appeal, 115 Pa. St. 88; Murphy v. Holbrook, 20 Oh. St. 137; Chicago, St. L. & P. R. Co. v. Bills, 118 Ind. 221; Leatherman v. Times Co., 88 Ky. 291. The court did not abuse its discretion in denying plaintiff's motion. Sharon v. Sharon, 75 Cal. 1; People v. New York C. R. Co., 29 N. Y. 418, 431; Murray v. Buell, 74 Wis. 14, 19. A mere taxpayer, as such, is not entitled to maintain an action at law to recover corporate municipal property. Sanderson v. Cerro Gordo Co., 80 Iowa, 89. It would be inequitable to permit plaintiff to maintain this action. Farmer v. City of St. Paul, 65 Minn. 176.

START, C. J.

Appeal by the plaintiff from an order denying his motion to amend his complaint, and to have the city of Fergus Falls made a party defendant.

This action was commenced September 23, 1896. The complaint

alleged that the plaintiff is and has been a taxpayer of the city of Fergus Falls, a municipal corporation, of which the defendant Evans was on September 23, 1890, and still is, treasurer; that on the day named the city council of such city, without authority of law, undertook to loan to Dawson Bell $10,000 out of the current funds of the city, upon satisfactory security, with interest at the rate of two per cent. per annum, and directed an order to be drawn on the city treasurer for the amount of such loan; thereupon an order was so drawn for $10,000, and delivered to the defendant Wright, but the order was not signed by the mayor and clerk of the city, as its charter required, and was wholly unauthorized and void; that thereafter, and on the same day, Wright presented the order to the treasurer, Evans, who paid to him the amount thereof, whereby the defendants converted $10,000 of the city funds from the use to which they were intended, and thereby deprived the plaintiff and other taxpayers of their right to have the funds of the city expended only according to law. The prayer of the complaint was that the defendants be required to restore to the treasury of the city the amount so illegally taken therefrom, and for general relief.

It is to be noted that the action was commenced on the last day it could be commenced, and avoid the statute of limitations. On October 8, 1896, the defendants severally demurred to the complaint on the sole ground that the complaint did not state a cause of action. The defendants noticed this issue of law for trial and argument for May 18, 1897. Thereupon the plaintiff moved the court for leave to amend his complaint as to essential matters, and that the city of Fergus Falls be made a party defendant. On May 20, 1897, the trial court sustained the demurrer, with leave to the plaintiff to move, upon motion papers theretofore served and all proceedings in the case, for leave to amend his complaint and make the city a party; such motion to be submitted upon briefs. The motion was subsequently submitted, and was denied. The order of the trial court, omitting preliminary recitals, was in these words: "Ordered, that said motion be, and the same is hereby, denied." The motion was supported and opposed by affidavits of a number of citizens and taxpayers of the city of Fergus Falls. The

trial court, in a memorandum to its order, summarized the facts disclosed by the affidavits as follows:

"The facts upon which the plaintiff's motion must be determined, so far as is necessary in this note to refer to them, are substantially as follows: On or about the 23d day of September, 1890, the city of Fergus Falls loaned to one Dawson Bell the sum of ten thousand dollars, to enable him to purchase, repair and operate the Grand Hotel, in said city. * * * A note and mortgage to secure said loan were executed by said Bell to the First National Bank of Fergus Falls upon said hotel property; and said bank has duly made and filed with the clerk of said city a declaration of trust, fully securing to said city the principal and interest mentioned in said note and mortgage, interest upon which loan has been regularly and fully paid to said city. Neither of said defendants have ever appropriated, or attempted to appropriate, any part of the money so loaned, or the interest thereon, to their own use, or to dispose of it in any way, otherwise than as above stated. Said money, when loaned, was regularly drawn from said defendant Evans, as treasurer of said city; and, except as hereinbefore stated, neither of said defendants have had anything to do with said money, or the use thereof."

The motion was one addressed to the discretion of the trial court. It seems, however, to be urged on behalf of the plaintiff that the court denied the motion as a matter of strict legal right, and not as a matter of discretion. It appears from the court's memorandum that it was of the opinion that it did not possess the power to grant the motion, but that treating the question as one addressed to its discretion, the motion ought to be denied. The memorandum, however, is no part of the order, and the motion must be deemed to have been denied as a matter of discretion.

Hence the sole question to be here determined is whether the trial court abused its discretion in denying the plaintiff's motion to amend his complaint. The further question, whether the city of Fergus Falls ought to have been brought in as a party, depends upon the decision of the first question. If the plaintiff had the right to have his complaint amended so as to state a cause of action, then the city should be made a nominal party, almost as a matter of course, so as to be bound by the judgment. This would be necessary for the protection of the defendants. But, when made a party, the city may remain inactive. It is not bound to file a

cross bill and prosecute the action. On the other hand, if the complaint states no cause of action, and it is not to be amended, it is a matter of no concern to the plaintiff whether his application to make the city a party is granted or denied. Now, the demurrer to the original complaint in this case was not on the ground of defect of parties, but on the sole ground that the complaint did not state facts sufficient to constitute a cause of action. The demurrer was sustained, and, so long as the order sustaining it is unreversed, the defendants are not bound to answer. This order is not before us for review, for the plaintiff has not appealed from it, and this case is to be determined upon the concession that the original complaint did not state facts constituting a cause of action. Hence, if the complaint is not amended, the plaintiff could not be prejudiced by a refusal to make the city a party. The plaintiff must first have a complaint which the defendants are bound to answer, before he is entitled to bring in the city as a party.

It may be conceded that the proposed amended complaint states a cause of action. The pivotal question then is, did the trial court abuse its discretion in denying the motion to amend the complaint? While that form of local patriotism which induces public officers to appropriate public funds for the promotion of private enterprises which will build up their towns is not only illegal, but reprehensible, and should meet with no encouragement from the courts, yet in this particular case there are equitable considerations which must not be lost sight of in determining the question whether the court abused its discretion in this case. In view of the facts disclosed by the record, which we have quoted from the memorandum of the trial court, and the further facts that for six years neither the plaintiff nor any other taxpayer objected to the transaction, during which time the city received and retained its benefits in the way of interest, and that the city still retains the mortgage, it seems inequitable now to require the defendants to pay to the city $10,000, with accrued interest. It is not improbable that, if the plaintiff had seasonably objected to the transaction, the defendants might have indemnified themselves by securing a transfer of the mortgage to themselves, or secured a rescission of the whole

transaction. But he waits until the last day of the six years' limitation before acting.

Upon the whole record, we are of the opinion that the trial court did not abuse its discretion in denying plaintiff's motion to amend his complaint.

Order affirmed.

CANTY, J. (dissenting).

I cannot concur in the foregoing opinion. The original complaint stated a cause of action. The order sustaining a demurrer to it on the ground that it did not state a cause of action was erroneously granted. Failure to make the city a party was a mere technical omission. If the city had been made a party, it could not defeat the plaintiff's cause of action by refusing to answer, or by admitting in its answer that it had no claim against the other defendants. It might remain a passive party. And if the motion here in question had been granted, and the city had been made a party, it could not plead the statute of limitations for the purpose of preventing itself from receiving the money which would be awarded to it. Neither could the other defendants plead the statute of limitations for the city. Then it follows that the city would be merely a nominal party, and the statute of limitations did not prevent the granting of the motion to make it a party. This seems to be conceded. The majority admit that, if the complaint stated a cause of action, "then the city should be made a nominal party, almost as a matter of course, so as to be bound by the judgment."

Both the original and the proposed amended complaint state a cause of action, and the same cause of action. While the statute of limitations cannot prevent the bringing in of the city as a party defendant, it will totally defeat the action if the city is not brought in; and therefore the effect of the statute, if this action must be dismissed because the city is not made a party, has great weight in determining whether or not the court below abused its discretion in denying the motion to make the city a party. The majority seem to hold that, because the demurrer to the original complaint was wrongfully sustained before the motion to bring in the city was made, there was some sort of an estoppel, res adjudicata, or

law of the case, which justified the court in holding that the city need not be made a party, because the plaintiff had no cause of action. This is holding, in effect, that one erroneous ruling or interlocutory order of the court authorizes it, for the sake of consistency, to make a dozen more erroneous rulings or orders in the course of the proceeding. I cannot subscribe to any such doctrine. In my opinion, the court below abused its discretion in denying the motion to make the city a party.

The majority give as a reason for justifying the order of the court denying the motion to make the city a party that there are certain so-called equities which make it unjust to prosecute the defendants. In my opinion, there is no place for the consideration of such matters in such a case as this.