BELL LUMBER COMPANY, Plaintiff, vs. NORTHERN NA-
TIONAL BANK, Respondent: MAY and others (inter-
pleaded defendants), Appellants.

*April 6—May 4, 1920.*

*Appeal and error: Order bringing in new parties defendant:
Special proceeding: Provisional remedy.*

An order made under sec. 2610, Stats., granting the application
of defendant to make third persons parties defendant, is not
a special proceeding as defined in sec. 2594, nor an order
granting, refusing, continuing, or modifying a provisional
remedy within sub. (3), sec. 3069.

APPEAL from an order of the circuit court for Ashland
county: G. N. RISJORD, Circuit Judge. *Dismissed.*

This action was brought by the plaintiff against the de-
fendant the *Northern National Bank.* Plaintiff claims that
the bank discounted and cashed ten time-checks drawn on
the defendant of the total amount of $370.14, which time-
checks were forgeries. The complaint charges negligence
by the bank in cashing these time-checks. The answer of
the defendant bank denies negligence and alleges that the
time-checks set out in the complaint were indorsed by the
holders thereof when they were presented and cashed at
the bank. The affidavit of the cashier of the defendant
bank alleges that the indorsers discounted these time-checks
with this defendant and were given credit for them. The
bank served notice upon the parties who had the time-
checks cashed at the bank and demanded that they be made
parties to enable the bank to litigate its claim against them
arising out of its liability to plaintiff, if any, and its remedy
against them as alleged owners of the time-checks who re-
ceived payment from the bank. The affidavits also set out
that the claim was made against them without collusion of
this defendant, and that the rights of the several parties
connected with the cashing of these time-checks cannot be
disposed of unless they be made defendants in the action.

The court made an order making them parties defendant, from which order they appeal.

For the plaintiff the cause was submitted on the brief of *Lamoreux & Cate* of Ashland.

For the appellants there were briefs by *Sanborn, Lamoreux & Pray* of Ashland, and oral argument by *Horace B. Walmsley* of Milwaukee. .

For the respondent the cause was submitted on the brief of *Geo. F. Merrill* of Ashland.

On the question of the appealability of the order there was a brief for the appellants by *Sanborn, Lamoreux & Pray,* attorneys, and a separate brief by *Mr. Horace B. Walmsley,* of counsel.

SIEBECKER, J.  Briefs have been prepared by counsel upon the question of the appealability of the order, as directed by the court.  It is contended by appellants that the order is appealable under the following provision of sub. (3), sec. 3069, Stats.: "When an order grants, refuses, continues or modifies a provisional remedy."  It is claimed by appellants that the order appealed from is in its character a provisional remedy within the contemplation of this provision in sec. 3069.  ·It is also suggested that if this order is not a provisional remedy it may be classed as a special proceeding within sec. 2594, Stats.  As stated in *Milwaukee C. Co. v. Flagge,* 170 Wis. 492, 175 N. W. 777: "The Code (sec. 2594, Stats.) divides all remedies into (1) actions and (2) special proceedings. . . . The term 'special proceedings' includes only remedies not furnished by actions."  This order is one made in an action and hence cannot be a special proceeding within this provision of the Code. The statute under which this order is made, sec. 2610, declares:

"A defendant who shows by affidavit that if he be held liable in the action he will have a right of action against a third person not a party to the action for the amount of the

recovery against him, may, upon due notice to such person and to the opposing party, apply to the court for an order making such third person a party defendant in order that the rights of all parties may be finally settled in one action, and the court may in its discretion, make such order."

This procedure has for its object to litigate in one action contentions between persons related to the same general subject and to protect the parties thereto against hardship and to expedite the settlement of such contentions in one action. The primary rights of the parties to the action and those so brought in as parties by such an order are in no way determined by this order. It does no more than make them parties to an action for the purpose of enforcing the rights of the parties related to the subject in controversy. The procedure is a creation of the Code. Bringing the appellants into court in this action by an order in no sense creates, modifies, continues, or refuses any rights or remedies of the parties to the action; it is a procedure under the statute enabling the parties to enforce their rights in one action, which at the common law were enforced in separate actions. In its character this procedure is not of the nature of those which have been commonly characterized as provisional remedies, such as proceedings for injunctions, attachment, appointment of receivers, or an order for inspection and making copies of books, as declared in *Noonan v. Orton,* 28 Wis. 386. This procedure to make appellants defendants in this action pursuant to sec. 2610 is in substance an ordinary proceeding in an action to enable litigants to litigate their controversies, and does not affect their rights and remedies, it merely prescribing this practice for their enforcement. It is considered that the order appealed from is not a special proceeding and that it is not an order granting, refusing, continuing, or modifying a provisional remedy, and hence is not an appealable order within the provisions of sec. 3069.

*By the Court.*—The appeal is dismissed.