CHARLES F. LEWIS AND E. C. REBMAN v. C. S. BABCOCK.[1]

December 2, 1921.

No. 22,512.

**Mortgage — holder of contract of sale necessary party.**

Action by one holding a recorded deed to land to clear the record of a mortgage given before but recorded after plaintiffs' deed. Defendant alleges that plaintiffs' deed and a contemporaneous contract of sale to

[1] Reported in 185 N. W. 384.

the grantor in the deed together constitute a mortgage. *Held,* that for the determination of that issue, the holder of said contract should be joined as a party.

Action in the district court for Mower county to cancel a real estate mortgage. The facts are fully stated in the opinion. From an order, Catherwood, J., granting his motion to dismiss C. S. Babcock as a party and setting aside the order of April 27, 1921, making him an additional party to the action and requiring him to reply to defendant's answer, C. S. Babcock appealed. Reversed.

*Hoffman & Richardson,* for appellant.

*Sasse & French,* for respondent.

HALLAM, J.

Plaintiffs sued to cancel a real estate mortgage for $2,300, held by defendant upon land in Mower county. In their complaint they allege that they became owners of the land through a deed from Anna Steinkuehler, duly recorded; that the deed recited that it was subject to a mortgage for $9,000 and another for $7,680 running to plaintiff; that defendant's mortgage was dated before but not recorded until after plaintiffs' deed; that, in reliance on the record, plaintiffs satisfied the $7,680 mortgage; that plaintiffs were purchasers in good faith for value without notice of defendant's mortgage and that said mortgage is therefore subordinate to their rights and they ask to have the record thereof canceled.

Defendant answers, alleging among other things that Steinkuehler was unable to pay her interest and taxes and plaintiffs advanced her money for that purpose, and, as part of one and the same transaction, Steinkuehler deeded the land to plaintiffs and plaintiffs released their mortgage and gave her a contract to reconvey on payment of the whole amount due, that is, the $7,680 and the money newly advanced, and that the deed from Steinkuehler to plaintiffs and the contract back from plaintiffs to Steinkuehler in fact constituted a mortgage. Defendant further alleges that on April 7, 1920, Steinkuehler transferred her interest in said contract of sale to C. S. Babcock, who had notice of de-

fendant's mortgage and that C. S. Babcock is now the owner of said interest. Defendant then alleges that his mortgage is still a lien upon the land subject to the $9,000 mortgage and to the alleged mortgage held by plaintiffs. Other matters are alleged which pertain only to controversies existing between defendant and C. S. Babcock.

Defendant then asks that C. S. Babcock be made a party and be required to answer herein. The court by ex parte order required C. S. Babcock to appear and reply to the answer of defendant. Thereupon C. S. Babcock appeared and moved that said ex parte order be vacated and the court so ordered and ordered C. S. Babcock dismissed as a party. From this order defendant appeals.

We are of the opinion that C. S. Babcock was properly made a party and that it was error to dismiss him. The statute which authorizes the bringing in of an additional party reads as follows:

"Whenever it shall be made to appear, upon motion of the plaintiff in any pending action, or of any defendant in such action who has alleged a counterclaim or other ground for affirmative relief, that in order to a full determination of such action another should have been made a party defendant or plaintiff therein, the court, upon such terms as may be proper, shall order such additional party to be brought in." G. S. 1913, § 7690.

Under this statute an additional party should be brought in "when it is necessary to do so to secure a full determination of the controversy between the original parties tendered by the complaint, answer or counterclaim." Clay County Land Co. v. Alcox, 88 Minn. 4, 92 N. W. 464.

Plaintiffs' counsel in their brief say "the only issue upon plaintiffs' complaint is as to whether or not they are the owners in fee" of this land. If not the only issue, this is at least the major issue, for, if plaintiffs are only mortgagees, then of course defendant's mortgage is a subsisting lien. The question at issue between plaintiffs and defendant then is whether the deed from Steinkuehler to plaintiffs and the contract back from plaintiffs to Steinkuehler in fact constituted a mortgage. It seems to us that to secure a full determination of that con-

troversy, both parties to the alleged mortgage should be before the court. Otherwise two actions may be necessary, one against the alleged mortgagee and another against the alleged mortgagor to determine the nature of the transaction between them. Steinkuehler, having assigned her interest in the contract to C. S. Babcock, her presence is no longer required but that of her assignee is.

This decision is in harmony with the authorities.

In 2 Jones, Mortgages, § 1097, it is said that, in an action to declare an absolute deed a mortgage, all persons who have an interest in the mortgage or in the equity of redemption should be made parties.

In Dias v. Merle, 4 Paige Ch. (N. Y.) 259, it was held that in an action between parties claiming rights under a lease, to have the lease declared a mortgage, the lessor as well as the lessee, should be a party. Cited with approval in Winslow v. Clark, 47 N. Y. 261.

Other cases are illustrative.

In Crosby v. Scott-Graff Lumber Co. 93 Minn. 475, 101 N. W. 610, defendant counterclaimed in a suit for breach of a building contract, claiming a lien on the land for work and materials. It was held that defendant had the right to have plaintiff's wife who owned the land made a party.

In Swenson v. Split Rock Civil Tp. 39 S. Dak. 131, 163 N. W. 563, it was held that, in an action involving the location of a section line, property owners on each side of the line affected should be made parties.

The principle applicable here was well stated in Johnson v. Robinson, 20 Minn. 153 (170), an action to remove a cloud, in which it was held that a grantee pendente lite of the defendant should be made a party. The court said: "In holding him (the grantee) to be a necessary party the court below followed the established and characteristic rule of courts of equity, the constant aim of which is to do complete justice by settling the rights of all persons interested in the subject of the suit, and so among other objects, to prevent future litigation."

We may add that there is no propriety in trying, in this action, controversies between defendant and C. S. Babcock which are personal to

themselves. C: S. Babcock is properly made a party only for the full determination of the controversy above referred to which is at issue between plaintiffs and defendant.

Order reversed.