## MINNIE J. WEBSTER v. HENRY BECKMAN.[1]

### February 20, 1925.

### No. 24,519.

**Voluntary appearance of additional parties to litigation permissible.**

1. Section 9181, G. S. 1923, does not curtail the inherent power of the district court to bring before it persons who are not parties to an action whenever, for the complete administration of justice, it is necessary to bring them in as parties. Since the court might so direct, there is no reason why such additional parties should not be allowed to come in voluntarily.

**Change of venue on application of such voluntary parties.**

2. A change of venue as a matter of right cannot be had by persons who voluntarily come into an action brought in the proper county and become defendants in that action but, if the venue is changed on their application, the right to question the change is waived by the plaintiff by retaining an answer in which the new county is named as the county to which the place of trial has been changed, by reply-

[1]Reported in 202 N. W. 482.

ing to the answer laying the venue in that county, and by retaining the notice of trial similarly entitled.

*Headnote 1. See Pleading, 31 Cyc. pp. 470, 513.
  Headnote 2. See Venue, 40 Cyc. pp. 145, 181.

Upon the relation of Minnie J. Webster the supreme court granted its alternative writ of mandamus directed to the district court of Nicollet county and the Honorable A. B. Gislason and I. M. Olsen, judges thereof, and another, commanding them to remand a certain cause to Renville county or show cause why they had not done so. Writ discharged.

S. R. *Child*, *Sherman Child* and *Lewis Child*, for relator.
*Henry N. Benson* and *Thomas Hessian*, for respondents.

PER CURIAM.

Mandamus to compel the district court of Nicollet county to remand the action between the above named plaintiff and defendant to Renville county, where suit was brought against the defendant, a resident of that county, to recover money held by him, as administrator of the estate of Andrew Webster, deceased, which was claimed as part of the estate of William Webster, a deceased son of defendant's intestate. The answer admitted that defendant had the money and was ready to pay it to the parties entitled thereto when the ownership thereof was determined. Thereupon certain persons claiming a portion of the money, as heirs of defendant's intestate, applied to the district court for an order making them parties defendant. Plaintiff received notice of the application but did not appear to oppose it, and an order was entered by which she was directed to amend the summons and complaint by adding the names of the applicants as defendants and to serve the amended complaint upon them. The order was served on plaintiff and she amended the summons and complaint as directed and mailed copies of the amended complaint only to the new defendants. Within 20 days, pursuant to section 9215, G. S. 1923, they demanded that the place of trial be changed to Nicollet county, where a majority of them resided, and the files were transferred accordingly. Answers

were then served on plaintiff's attorney, entitled Nicollet county, as provided by section 9206, G. S. 1923. Plaintiff replied and subsequently admitted service of a notice of trial to be had in Nicollet county.

On the first day of the Nicollet county term plaintiff appeared and moved that the case be stricken from the calendar and that the court direct the return of the files to Renville county. The motion was denied and she then obtained this alternative writ. These facts are made to appear by the writ and return thereto, and respondents have moved that the writ be discharged. The motion must be granted for these reasons:

1. Under section 9181, G. S. 1923, additional parties may be brought in upon the motion of the plaintiff or the motion of a defendant who has alleged a counterclaim or other grounds for affirmative relief. Here, the additional parties came in of their own motion. It would have been better practice if they had served complaints in intervention under section 9263, G. S. 1923. But neither this section nor section 9181 curtails the inherent power of the district court to bring other parties before it, a power which may be exercised on the court's own motion whenever it is necessary for the complete administration of justice. 20 R. C. L. p. 696. Since the court might have directed that additional parties should be brought in, there is no reason why they should not be allowed to come in voluntarily. Smith v. City of St. Paul, 65 Minn. 295, 68 N. W. 32; Dun. Minn. Dig. § 7329. The conclusion follows that the order was not void for want of jurisdiction and that it cannot be attacked collaterally.

2. The action was brought in the proper county. Coming into it voluntarily, the new defendants were not entitled to a change of venue as a matter of right. Healy v. Mathews, 108 Minn. 125, 121 N. W. 428. By retaining the answer of these defendants in which Nicollet county is named as the county to which the place of trial was changed, by replying to the answer and laying the venue in Nicollet county, and by retaining the notice of trial after it was served, the plaintiff waived the right to insist that the place of trial had not been properly changed to Nicollet county. See Nystrom

v. Quinby, 68 Minn. 4, 70 N. W. 777. Instead of interposing a reply designating Nicollet county as the county in which the action was pending, she should have returned the answer and made prompt application to the district court of Nicollet county to have the files returned to Renville county.

The demand for a change of venue did not come too late, although the summons had been served on the original defendants more than 20 days theretofore. If plaintiff had served the amended summons on the new defendants as directed by the court, the demand might have been made at any time within 20 days thereafter. By failing to serve the summons, plaintiff could not deprive these defendants of the right to demand a change of the place of trial.

Writ discharged.