HUGH J. McCLEARN v. JOHN B. ARNOLD AND ANOTHER.[1]

December 23, 1927.

No. 26,295.

**Counterclaim was correctly stricken.**
1. A counterclaim, good only as against a third party, pleaded in a case where the issue could be determined without the presence of the third party, was properly stricken on motion.

**Order not appealable.**
2. An order denying a motion to bring in an additional party is non-appealable.

**Order not appealable.**
3. An order denying a motion to strike from the calendar is ordinarily nonappealable.

**Order not appealable.**
4. An order denying a motion for judgment on the pleadings is nonappealable.

Appeal and Error, 3 C. J. p. 472 n. 12; p. 477 n. 78; p. 487 n. 26.
Recoupment, Set-Off and Counter-Claim, 34 Cyc. p. 717 n. 35.

Defendants appealed from an order of the district court for St. Louis county, Grannis, J. striking part of the answer, refusing to

[1]Reported in 217 N. W. 106.

make an insurance company a party to the action, and from another order, Grannis, J. denying defendants' motion to strike from the calendar and for judgment on the pleadings. The orders, except the one striking the answer, are nonappealable. That order, so far as it strikes the answer, is affirmed.

*Arnold & Arnold,* for appellants.

*McClearn & Gilbertson,* for respondent.

WILSON, C. J.

Appeal from an order striking part of the answer, refusing to make an insurance company a party to the action, and from another order denying defendants' motion to strike from the calendar and for judgment on the pleadings.

Plaintiff, a lawyer, was attorney in fact for the Carlton County Farmers Mutual Fire Insurance Company which carried insurance on property destroyed by fire October 12, 1918, which was attributed to the negligence of the government railway administration. The insurance company was subrogated to the rights of those whom it insured. Plaintiff was the authorized agent of the company to compromise and settle such claims. The property owners sued the railway administration, i. e. Honorable James C. Davis, agent appointed by the president under the Transportation Act. The company intervened. As settlements were made, defendants' attorneys required a release of the claim for the insurance company, signed by plaintiff as attorney in fact for the company, to be filed with them in advance of payment of the judgments entered upon settlements. The complaint alleges these facts and also states that defendants entered into an agreement with plaintiff whereby it was agreed, in consideration of plaintiff's furnishing the defendants, who were the attorneys for the then plaintiff property owners, the releases of the insurance company, that they, the defendants, would collect the money due the insurance company, as well as the money due the property owners, because the railway administration desired to pay the property owners and the insurance company by one check, and deliver the same to plaintiff. The complaint also alleges that defendants collected by this method and under this arrange-

ment moneys belonging to the insurance company in the amounts of $402, $220 and $800 and in violation of said agreement now retain the money and refuse to deliver it to plaintiff. The facts relative to each of said sums are set forth in a separate cause of action in the complaint. The answer contains a general denial and pleads that the insurance company is the real party in interest. It also pleads by way of set-off and counterclaim an alleged cause of action against the insurance company aggregating $2,687.91.

Upon plaintiff's motion the court struck out the counterclaim and set-off. It denied defendants' motion to make the insurance company a party to the action. It also denied defendants' motion to strike the case from the calendar and for judgment on the pleadings. It denied plaintiff's motion to amend the complaint without prejudice to the renewal of such motion at the trial of the cause.

1. The counterclaim has nothing to do with plaintiff. Plaintiff's complaint, which perhaps should be amended, is based upon the theory that he has a special property interest in the money held by defendants and which they received only by virtue of their contract with plaintiff. Plaintiff is entitled to enforce his contract with defendants. He is liable to the insurance company which is not obliged to pursue defendants. Parks v. Fogleman, 97 Minn. 157, 105 N. W. 560, 4 L.R.A.(N.S.) 363, 114 A. S. R. 703. The controversy between the parties hereto can be determined without the presence of the insurance company. There was no reason to make it a party to this action. Eimon Merc. Co. v. Cassidy, 151 Minn. 470, 187 N. W. 520. The counterclaim having no place in this case was properly stricken.

2. The order denying the motion to make the insurance company a party is not appealable since it does not involve the merits of the action.

3. As a rule, an order denying a motion to strike from the calendar is not appealable. There may be exceptions (Chadbourne v. Reed, 83 Minn. 447, 86 N. W. 415) which are not here important.

4. The order denying defendants' motion for judgment on the pleadings is not appealable. McMahon v. Davidson, 12 Minn. 232 (357); Croft v. Miller, 26 Minn 317, 4 N. W. 45; St. Anthony Falls

Bank v. Graham, 67 Minn. 318, 69 N. W. 1077; Brochin v. Lifson, 172 Minn. 51, 215 N. W. 180; nor is an order which grants such motion. Rogers v. Holyoke, 14 Minn. 387 (514); Lowe v. Nixon, 170 Minn. 391, 212 N. W. 896.

Affirmed.