CATHERINE SHEEHAN AND OTHERS v. JOHN F. HALL AND OTHERS.
ELLEN HALL AND ANOTHER, INTERVENERS.
FIRST NATIONAL BANK OF FOLEY, APPELLANT.[1]

January 6, 1933.

No. 29,124.

[1]Reported in 246 N. W. 353.

*Donohue, Quigley & Donohue,* for appellant.
*J. D. Sullivan,* for plaintiff-respondents.

WILSON, C. J.

The appeal is from an order denying a motion to vacate an ex parte order making the appellant a party defendant in the action.

Plaintiffs are the beneficiaries under a trust in which the three defendants are trustees. Their complaint alleges that the defendant trustees were dissipating the estate and sought their removal, an accounting, and other relief. The interveners made a similar charge as to another trust having the same origin.

■ The order is appealable, though the ex parte order is not. Sundberg v. Goar, 92 Minn. 143, 99 N. W. 638; Security State Bank v. Brecht, 150 Minn. 502, 185 N. W. 1021.

■ While the case was on trial the court granted plaintiffs' ex parte application to have the appellant herein made a party defendant. The order contains recitals indicating that some of the trust funds passed into the assets of the bank under circumstances that might require it to account therefor. But whether the evidence brought the case within G. S. 1923 (2 Mason, 1927) § 9181, which is doubtful, we are not concerned, since the court in this, an equitable action, has the inherent right and power, even on its own motion, to bring in additional parties when it is necessary for the

584

complete administration of justice. Webster v. Beckman, 162 Minn. 132, 202 N. W. 482; Johnson v. Hartford A. & I. Co. 187 Minn. 186, 245 N. W. 27. The court had jurisdiction to bring the appellant into the case.

■ Good practice requires that a party moving to bring in additional parties should present to the court at the same time a proposed amended pleading to which the added party should be required by the order bringing him in to plead. Emergency cases will arise where the moving party will not be able to accompany his application with such a proposed amended pleading. If the proposed amended pleading is not before the court, the order bringing in the additional party should direct the pleading to be amended and served or filed as convenience may permit and the additional party be required to plead thereto in substance as indicated in G. S. 1923 (2 Mason, 1927) § 9182. The practice in this respect should be substantially the same regardless of the source of power under which the court reaches out and brings in the additional party. A failure to do this, as here, leads to confusion and difficulty. Under the order in this case appellant was directed to file its answer or such pleading as it might desire with the clerk. Presumably this was an answer to the complaint which did not mention appellant. There may be cases where the presence of a third party is advisable only in order that he may be bound by the result. Yet it would seem that the new party should be advised, and preferably by an amended pleading, so that issue may be joined by the pleading of the additional party. Otherwise, in many cases, as here, he would apparently be at liberty to interpose a demurrer, which would tend to delay rather than expedite the case.

The order is affirmed with directions to the trial court forthwith to enter an order modifying its ex parte order by directing plaintiffs to amend their complaint so as to include appellant as a party defendant therein and directing that it be required to plead thereto only and within a definite time from the service or the filing of the amended complaint.

Affirmed with modification.