## MINNESOTA NATIONAL BANK OF DULUTH v. EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES AND ANOTHER.[1]

May 8, 1936.

No. 30,800.

See 192 Minn. 602, 258 N. W. 7; 195 Minn. 169, 262 N. W. 155.

*Kellogg, Morgan, Chase, Carter & Headley,* for appellant.

*Jaques & Hudson* and *L. M. Hatlestad,* for respondent Minnesota National Bank of Duluth.

*Willis Doherty,* for respondent Northwestern National Bank of Minneapolis.

LORING, JUSTICE.

This action was brought in April, 1934, in the district court of St. Louis county by the Minnesota National Bank of Duluth, as guardian of the estate of Laura Lou Rouchleau, a minor, to recover

[1]Reported in 267 N. W. 202.

the proceeds of a $61,000 life insurance policy issued by the Society upon the life of her father, Louis Rouchleau, she being the beneficiary named therein at the time of her father's death. There were outstanding loans against the policy and the court was asked to determine the balance due thereon, which was alleged to be approximately $28,000. The Society admits liability to the extent of $25,194.65 with interest from January 7, 1933, the date of the receipt of proofs of the death of Louis Rouchleau.

Louis left surviving him a widow and two daughters, one married and the other an unmarried minor. Six insurance policies were in effect at the time of his death, four of them in favor of his wife and one in favor of each of his daughters. The ward in this case is the unmarried daughter.

Before the service of any notice of claims by creditors that the premiums had been paid in fraud of them, the Society settled with the widow under the four policies which she held and with the married daughter, Rosalie Elizabeth, by issuing Rosalie its income bond, under which she was to receive $163.81 annually for a period of 20 years. The settlement with the widow was made on January 9, 1933, and on January 26 of that year the Society issued to her a special life annuity contract providing for payment to her of the sum of $296.25 monthly as long as she might live, together with death benefits in the amount of $37,500 payable to the beneficiary Laura Lou, her daughter and the ward of this plaintiff. The widow paid a premium of $75,000 for this contract. The Society claims that at the time it received this premium it had no knowledge of alleged insolvency of the Louis Rouchleau estate or of any claim that premiums on his life insurance had been paid in fraud of creditors. February 15, 1933, the Northwestern National Bank of Minneapolis served a notice on the Society's cashier in Minneapolis that the bank was a creditor of Rouchleau in an amount exceeding $100,000, that while he was insolvent Louis had paid to the Society premiums on life insurance policies in fraud of creditors, and that the bank claimed the proceeds of such policies at least to the extent of all of such premiums with interest thereon. The notice warned the Society not to make payments on insurance upon the life of

Louis, the bank claiming benefit of the proceeds of all policies on his life.

1 Mason Minn. St. 1927, § 3387, provides:

"Whenever any insurance is effected in favor of another, the beneficiary shall be entitled to its proceeds against the creditors and representatives of the person effecting the same. All premiums paid for insurance in fraud of creditors, with interest thereon, shall inure to their benefit from the proceeds of the policy, if the company be specifically notified thereof in writing before payment."

February 3, 1933, the Northwestern National Bank filed its complaint in the district court of Hennepin county in an action against the widow, Laura Rouchleau, the Society, and the First and American National Bank of Duluth, alleging indebtedness of the decedent Louis to the bank and charging the payment of premiums in fraud of creditors, that his wife had known of such fraudulent payments, and that the Society at the time of the issuance of the annuity contract above referred to knew that both Louis and his wife had been insolvent for years. Recovery was sought in behalf of the bank and all others similarly situated. It sought an accounting for all premiums, asked that the proceeds of the policies be followed, and that the holders thereof be decreed to be trustees for the benefit of defrauded creditors. The Society admitted the contract as set forth but denied the other allegations. The action was dismissed as to the First and American National Bank of Duluth, and the administrator of the Louis Rouchleau estate was made an additional party defendant. A complaint in intervention was filed by one Mabelle Alstad, who also claims to have been a creditor of Louis. Issue was joined, and finally in September, 1935, the case was put upon the calendar of Hennepin county for trial. In the meantime the district court of Hennepin county had enjoined further proceedings in the St. Louis county case but was reversed. State ex rel. Minnesota Nat. Bank v. District Court, 195 Minn. 169, 262 N. W. 155.

Shortly after the commencement of the St. Louis county case the Society sought an order in that county substituting the Northwest-

ern National Bank as defendant and discharging the Society from liability upon its depositing in court the sum admitted by it to be due on the policy here in suit. This motion was denied, probably because there seemed to be a controversy between the plaintiff and the Society as to the amount due. The court, however, ordered that the Northwestern National Bank should be made an additional party defendant in the St. Louis county action. The plaintiff's reply expressly denied that the complaint in the Hennepin county action involved in any way the proceeds of the policy sued upon in St. Louis county or that the notice there given was properly served upon the Society.

Upon service of the amended complaint upon the Northwestern National Bank it sought a change of venue as a matter of right, and the clerk of the court of St. Louis county refused to transfer the files in response to the demand. A writ of *mandamus* was then sought to compel the transfer, and this court in State ex rel. Northwestern Nat. Bank v. District Court, 192 Minn. 602, 258 N. W. 7, refused the writ. In the meantime the Society had been served with four additional notices by persons who claimed to be creditors and who sought to participate in the recovery against the Society on the ground that premiums had been paid in fraud of creditors. It then moved to bring into the St. Louis county suit Phil S. and Helen J. Duff, Mabelle Alstad, and Roy McFarland, as administrator of the estate of Louis Rouchleau, the creditors who had served notice.

The motion came on to be heard in St. Louis county on September 20, 1935, and was opposed by plaintiff's counsel, by counsel for the Northwestern National Bank, and by the parties who were sought to be brought in as additional defendants. The present appeal is from the order denying the motion.

While the notice of claim by McFarland is much more elaborate in its statement of facts and of the claims than are those of the other three claimants, it is nevertheless clear that all four are making claims against all of the policies which Louis carried upon his life, including the one involved in the St. Louis county action. It is therefore clear that the funds in the hands of the Society for the

payment of this policy cannot safely be disposed of without the joinder of all of these claimants in the action. Without them the Society might be compelled to pay twice, and there is as much reason for bringing in these additional defendants as there was for bringing in the Northwestern National Bank. Whatever may be the difficulties arising from the fact that there are separate actions pending in the two counties, we must deal with the situation as it exists, and we do not think that the record before us demonstrates any such delay chargeable to the defendant as to preclude it from the relief which it seeks in this motion. Nor do we think that the defendant should be put to its possible defense of estoppel. The court had inherent power to bring in these parties in furtherance of complete administration of justice, and in our opinion its discretion should have been exercised by the granting of defendant's motion. Webster v. Beckman, 162 Minn. 132, 202 N. W. 482; Johnson v. Hartford A. & I. Co. 187 Minn. 186, 245 N. W. 27. To deny it was, in our opinion, an abuse of discretion.

The order appealed from is reversed.