DIANA MAY CHAPMAN v. HAROLD A. DORSEY.[1]

February 17, 1950.

Nos. 35,119, 35,126.

---

*Leslie C. Scholle, Robert J. Phillips,* and *Bruce K. Newell,* for appellant-relator.

*Ryan, Ryan, Ryan & Ebert,* for respondent.

MATSON, JUSTICE.

Defendant, by means of both appeal and writ of certiorari, seeks a review of an order of the trial court denying his motion for the joinder of additional parties defendant pursuant to M. S. A. 540.16. Plaintiff's motion to dismiss the appeal and quash the writ presents the following issues:

(1) Is an order denying a motion—made pursuant to § 540.16, as amended by L. 1947, c. 152—to bring in additional parties defendant appealable?

(2) If such order is not appealable, may it be reviewed upon writ of certiorari?

Plaintiff, a minor, by her father and natural guardian, brought this action to recover damages for injuries sustained in an automobile collision. The complaint alleges that plaintiff was a passenger in a car owned by Howard Chapman and driven by Marcelline Chapman and that defendant through the negligent operation of his vehicle caused the accident. Defendant answered denying his negligence. He also moved to join as additional parties defendant Marcelline and Howard Chapman pursuant to § 540.16. Defendant's affidavit in support of his motion alleged that the collision was caused by the negligence of Marcelline and Howard

Chapman; that, in a prior suit involving both Howard and Mar-celline Chapman as plaintiffs and the present defendant as defend-ant, a jury found for this defendant, but assessed no damages on his counterclaim; that in the present action it is now necessary to bring in the Chapmans as additional parties defendant in order to have a full determination of the action and in order to avoid a multiplicity of suits.

Insofar as here pertinent, § 540.16, as amended by L. 1947, c. 152, provides:

"Subdivision 1. When it shall be made to appear, upon motion of ~~the plaintiff~~ *a party to* ~~in~~ any pending action, ~~or of any defendant in such action who has alleged a counterclaim or other ground for affirmative relief,~~ that in order to a full determination of such action, *or in order to avoid a multiplicity of suits,* another should have been made a party defendant or plaintiff therein, the court, upon such terms as may be proper, shall order such additional party to be brought in, and may stay other proceedings in the action for such time as may be necessary for that purpose." (Words de-leted indicate language superseded, and italics new language sup-plied, by the 1947 amendment.)

Defendant contends that an order denying a motion, made pur-suant to § 540.16, to join additional parties defendant, is appeal-able under § 605.09 (3 and 1), which provide:

"An appeal may be taken to the supreme court by the aggrieved party in the following cases:

\* \* \* \* \*

"(3) From an order involving the merits of the action or some part thereof;

\* \* \* \* \*

"(7) From a final order, affecting a substantial right, *made in a special proceeding,* or upon a summary application in an action after judgment." (Italics supplied.)

Defendant is in error insofar as he rests his case for appealability on the theory that the order denying his motion is a

final order, affecting a substantial right, made in *a special proceeding* pursuant to § 605.09(7). No special proceeding is involved. The statutory phrase "a special proceeding" is a generic term for any civil remedy in a court of justice which is not of itself an ordinary action and which, if incidental to an ordinary action, independently of the progress and course of procedure in such action, terminates in an order which, *to be appealable pursuant to § 605.09(7)*, must adjudicate a substantial right with decisive finality separate and apart from any final judgment entered or to be entered in such action upon the merits. Bennett v. Whitcomb, 25 Minn. 148; In re Grundysen, 53 Minn. 346, 55 N. W. 557; Schuster v. Schuster, 84 Minn. 403, 87 N. W. 1014; Anderson v. Langula, 180 Minn. 250, 230 N. W. 645; see, 39 Wd. & Phr. (Perm. ed.) 691. A special proceeding usually means such a proceeding as may be commenced independently of a pending action by petition or motion, upon notice, in order to obtain special relief. Anderson v. Langula, *supra.* Its existence is not necessarily dependent upon the existence of any other action. In re Trusteeship Under Will of Rosenfeldt, 184 Minn. 303, 238 N. W. 687; In re Condemnation of Lands Owned by Luhrs, 220 Minn. 129, 19 N. W. (2d) 77. A garnishment proceeding is illustrative of "a special proceeding," which is not of itself an ordinary action, but is, however, incidental thereto. Security State Bank v. Brecht, 150 Minn. 502, 185 N. W. 1021. Obviously, an order either granting or denying a motion for the joinder of additional parties defendant or plaintiff in a personal injury action is made in, and is an integral part of, an ordinary action and does not involve "a special proceeding," which, separate and apart from the progress and course of such action, adjudicates by a final order a substantial right separate and distinct from any judgment entered upon the merits after all issues have been litigated. See, Bell Lbr. Co. v. Northern Nat. Bank, 171 Wis. 374, 177 N. W. 616. In Lincoln Securities Co. v. Poppe, Inc. 169 Minn. 392, 211 N. W. 470, wherein the court's attention was not directed to the distinguishing features of a special proceeding, we have an erroneous application of the rule based on a misinterpretation of Security State Bank v. Brecht,

*supra.* We are, of course, not here concerned with a "summary application in an action after judgment."

■■■■ If the order denying a motion for the joinder of additional parties is appealable, it must be on the theory that such order involves *the merits of the action or some part thereof* pursuant to § 605.09 (3). We have heretofore directly held that an order denying a motion for the joinder of additional parties does not involve the merits of the action and therefore is not appealable. McClearn v. Arnold, 173 Minn. 183, 217 N. W. 106; Levstek v. National Surety Corp. 203 Minn. 324, 281 N. W. 260. In view, however, of the 1947 amendment of § 540.16 and because of certain other decisions which are fundamentally inconsistent with our holding in the McClearn and Levstek cases, we shall examine the problem anew. In construing the statutory phrase "From an order involving the merits of the action or some part thereof," we said in Seeling v. Deposit B. & T. Co. 176 Minn. 11, 13, 222 N. W. 295, 296:

"* * * An order is not appealable under this provision unless in effect it finally determines the action *or* finally determines some positive legal right of the appellant relating thereto."[2] (Italics supplied.)

Did the order herein determine the action with finality, or, in the alternative, did it with finality determine some positive legal right relating to the action? An order which is finally determinative of an action relates to, and is decisive of, the fundamental issues upon which the pending suit is based. Clearly, an order either denying or granting a motion for bringing in additional parties is decisive of no fundamental issue. Is such order, however, *finally* decisive of some positive legal right of the appellant with respect to such action? Can it be said that § 540.16 confers a positive legal right upon any person to have additional parties brought into the action? Prior to the 1947 amendment, we uniformly recognized that a motion for the joinder of additional parties

[2] In accord, In re Condemnation of Lands Owned by Luhrs, 220 Minn. 129, 19 N. W. (2d) 77; Rodgers v. Steiner, 206 Minn. 637, 289 N. W. 580; Bennett v. Whitcomb, 25 Minn. 148; see, 1 Dunnell, Dig. & Supp. § 298.

is directed to the sound discretion of the court. Schau v. Buss, 209 Minn. 99, 295 N. W. 910; Minnesota Nat. Bank v. Equitable L. Assur. Society, 197 Minn. 340, 267 N. W. 202; Boen v. Evans, 72 Minn. 169, 75 N. W. 116. Judicial discretion is the sound choosing by the court, subject to the guidance of the law, between doing or not doing a thing, the doing of which cannot be demanded as an absolute right of the party who asks that it be done.[3] A right which is positive is an unqualified right—one which is not dependent upon, and which in fact does not admit of any exercise of, discretion. See, Funk & Wagnalls New Standard Dictionary, 1945. It is an absolute right in the sense that it is not subject to limitation by discretionary action. That the legislature did not intend to confer a positive legal right becomes apparent upon a consideration of the statute as a whole. The right to bring in an additional party was made dependent upon whether the court should find the proposed party necessary *to a full determination of the action or in order to avoid a multiplicity of suits.* In making its determination, the trial court necessarily exercises a broad discretion and may take into consideration a variety of factors, as we have heretofore pointed out in Schau v. Buss, 209 Minn. 99, 295 N. W. 910. The very existence of this discretionary power negatives any assumption that a positive legal right is involved, and in fact a denial of the right, as qualified by the court's discretion, carries with it no *finality,* in that an abuse of that discretion is subject to correction upon an appeal from a final judgment on the merits.

Obviously, the 1947 amendment had no other purpose or effect than to make the benefits of § 540.16 available to any defendant in an action, without regard to whether he has alleged a counterclaim or other ground for affirmative relief, and to provide an additional ground, namely, that of *avoiding a multiplicity of suits,* for bring-

---

[3]In re nature of judicial discretion, see McFarlan v. Fowler Bank City Trust Co. 214 Ind. 10, 12 N. E. (2d) 752; Hensley v. McDowell Furniture Co. 164 N. C. 148, 80 S. E. 154; Roy v. Tanguay (R. I.) 131 A. 553, 554; Alden v. Hinton, 6 D. C. 217; 23 Wd. & Phr. (Perm. ed.) 278.

ing in additional parties, either defendant or plaintiff.[4] In short, the 1947 amendment did nothing more than to clarify and broaden the field in which the trial court might exercise its discretion upon a proper application by *any* party to the action.

■ Upon principle, we must reaffirm as sound and as applicable to § 540.16, as amended by L. 1947, c. 152, the rule of McClearn v. Arnold, 173 Minn. 183, 217 N. W. 106, and Levstek v. National Surety Corp. 203 Minn. 324, 281 N. W. 260, that an order denying a motion to bring in additional parties is not appealable, in that it does not involve "the merits of the action or some part thereof." Our attention, however, is directed to certain other decisions which are in *fundamental conflict*, in that they hold that an order either denying or granting a motion to vacate an order joining additional parties is appealable. See, Sundberg v. Goar, 92 Minn. 143, 99 N. W. 638; Lewis v. Babcock, 150 Minn. 394, 185 N. W. 384; Lincoln Securities Co. v. Poppe, Inc. 169 Minn. 392, 211 N. W. 470; Sheehan v. Hall, 187 Minn. 582, 246 N. W. 353. If the rule of these cases is to be sustained, we then have the illogical result that directly non-appealable orders are appealable by indirection. The general rule is that:

"A non-appealable order cannot be carried to the supreme court for review on the merits by means of an appeal from an order granting or refusing a motion to vacate such order. That which cannot be done directly cannot be done indirectly." 1 Dunnell, Dig. § 304.

This general rule is subject to an exception, namely, that although an ex parte order is not appealable, an order denying a motion to vacate such ex parte order is appealable *if such order is "a final order, affecting a substantial right, made in a special proceeding,"* pursuant to § 605.09(7).[5] As hereinbefore indicated, orders either

---

[4] In the light of Schau v. Buss, 209 Minn. 99, 295 N. W. 910, no amendment may have been necessary to constitute the avoidance of a multiplicity of suits a ground for bringing in additional parties.

[5] Illustrative of this exception are the two garnishment cases of Security State Bank v. Brecht, 150 Minn. 502, 185 N. W. 2021, and Carlson v.

granting or denying a motion for the joinder of additional parties are not final orders affecting a substantial right in "a special proceeding." Clearly, such orders cannot come within the exception of the special-proceeding cases, where no special proceeding within the meaning of § 605.09(7) is involved.

■ How did we fall into the fundamental error of assuming that orders for the joinder of additional parties, which are not appealable directly, may be appealed by indirection? Apparently the error had its inception with Sundberg v. Goar, 92 Minn. 143, 99 N. W. 638, wherein the court misapplied the rule of State ex rel. Norris v. District Court, 52 Minn. 283, 53 N. W. 1157. As stated in the Norris case, ex parte orders are not appealable, because it is ordinarily supposed that a trial court, which may have acted erroneously upon a one-sided application, will perceive and correct its error if an adverse party is heard. Ex parte orders are nonappealable simply because the trial court has not had the opportunity to correct any error by having its attention directed thereto by adversary proceedings. Obviously, *ex parte orders may be nonappealable for other reasons aside from that of their ex parte birth.* In Sundberg v. Goar, 92 Minn. 143, 99 N. W. 638, apparently the attention of the court was not directed to the fact that every ex parte order, *without regard to its possible nonappealability on other grounds,* is not necessarily converted into an appealable order by the mere device of introducing adversary proceedings. As a general rule, *a motion to vacate a nonappealable order can only cure an appealability defect which arises from an ex parte birth and not those which are otherwise inherent therein.* Insofar as Sundberg v. Goar, Lincoln Securities Co. v. Poppe, Inc., Sheehan v. Hall, all *supra,* and similar cases hold that an order either denying or granting a motion to vacate an order for the joinder of additional parties is appealable, they are expressly overruled. It follows that the rule

Stafford, 166 Minn. 481, 208 N. W. 413. As indicated in an earlier section of this opinion, the exception of the special-proceeding cases was erroneously applied in Lincoln Securities Co. v. Poppe, Inc. 169 Minn. 392, 211 N. W. 470.

of nonappealability applies to orders which deny or grant motions for the vacation of an order either denying or granting the joinder of additional parties to an action.

Our attention has also been directed to Schau v. Buss, 209 Minn. 99, 295 N. W. 910; Lambertson v. Westerman, 200 Minn. 204, 273 N. W. 634; Minnesota Nat. Bank v. Equitable L. Assur. Society, 197 Minn. 340, 267 N. W. 202; Johnson v. Hartford Acc. & Ind. Co. 187 Minn. 186, 245 N. W. 27; Lewis v. Babcock, 150 Minn. 394, 185 N. W. 384; Boen v. Evans, 72 Minn. 169, 75 N. W. 116, and similar cases, wherein appeals from orders denying or granting motions for the joinder of additional parties were heard by this court without objection as to their appealability. These cases are no authority upon the issue of appealability and are to be explained by the fact that the issue of appealability was never raised or called to the attention of the court. See, State, by Peterson, v. Bentley, 224 Minn. 244, 28 N. W. (2d) 179, 770.

■ Although the order herein is not appealable, defendant erroneously seeks to have it reviewed by writ of certiorari. As already stated, the order in question does not effect a final determination of the rights of the parties upon the merits or upon any part thereof. It is but an intermediate order which is not decisive of the substantive or ultimate rights of the litigants in any respect. Furthermore, defendant has an adequate remedy at law, in that the order may be reviewed for an abuse of discretion upon an appeal from a judgment on the merits. See, Johnson v. Hartford Acc. & Ind. Co. 187 Minn. 186, 245 N. W. 27. A writ of certiorari does not lie to review an order denying a motion for the joinder of additional parties, in that such order is intermediate in its nature, is decisive of no issue upon the merits or of any part thereof, and is subject to review upon an appeal from a final judgment on the merits. See, Asplund v. Brown, 203 Minn. 571, 282 N. W. 473; Anderson v. Pyramid Granite Co. 218 Minn. 194, 15 N. W. (2d) 523; Salters v. Uhlir, 196 Minn. 541, 265 N. W. 333; In re Estate of Hall, 155 Minn. 46, 192 N. W. 342.

The writ of certiorari is quashed, and the appeal is dismissed.

Writ quashed and appeal dismissed.